IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA,

v.

RYAN C. LANDER

13-CR-151-A

Defendant.

## PLEA AGREEMENT

The defendant, RYAN C. LANDER, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.  THE PLEA AND POSSIBLE SENTENCE

1.    The defendant agrees to plead guilty to Count 1 of the Indictment, which charges a violation of Title 18, United States Code, Section 2251(a) [Production of Child Pornography], for which the mandatory minimum term of imprisonment is 15 years, and for which the maximum possible sentence is a term of imprisonment of 30 years, a fine of $250,000, a mandatory $100 special assessment and a term of supervised release of at least 5 years and up to life.   The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that pursuant to Title 18, United States Code, Section 2259(a), the Court must order restitution for the full amount of the victims'' compensable losses, up to $100,000, as determined by the Court.   The defendant understands that he will not be able to withdraw his plea of guilty based upon any restitution amount ordered by the Court.

3.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required to serve in prison all or part of the term of supervised release, up to 3 years, without credit for time previously served on supervised release, and if the defendant commits any criminal offense under Chapter 109A, 110 or 117, or Sections 1201 or 1591 of Title 18, United States Code, for which imprisonment for a term longer than 1 year can be imposed, the defendant shall be sentenced to a term of imprisonment of not less than 5 years and up to life.   As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in Paragraph 1 of this agreement.

4.     The defendant has been advised and understands that under the Sex Offender Registration and Notification Act, the defendant must register and keep registration current in all of the following jurisdictions:   where the defendant resides; where the defendant is employed; and where the defendant is a student.   The defendant understands the

2

requirements for registration include providing the defendant's name, residence address, and the names and addresses of any places where the defendant is or will be an employee or student, among other information.   The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student, not later than three (3) business days after, any change of the defendant's name, residence, employment, or student status.   The defendant has been advised and understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by imprisonment, a fine, or both.

5.       The defendant acknowledges that a conviction in this action may result in the defendant's civil commitment pursuant to 18 U.S.C. § 4248 as a sexually dangerous person. The defendant understands that a determination as to whether the defendant will be subject to civil commitment will be made initially by the Attorney General or the Director of the Bureau of Prisons at the conclusion of the defendant's term of imprisonment and that the Court will make the final determination in a separate proceeding.

## II. ELEMENTS AND FACTUAL BASIS

6.       The defendant understands the nature of the offense set forth in paragraph 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

PRODUCTION OF CHILD PORNOGRAPHY

a.      the defendant knowingly employed, used, persuaded,
        enticed, or coerced a person less than 18 years old to engage
        in sexually explicit conduct as defined in 18 U.S.C. §2256;

b.      for the purpose of producing a visual depiction of the person
        less than 18 years old engaging in such conduct;

c.      the visual depiction was produced using materials that had
        been mailed, shipped, or transported in and affecting
        interstate or foreign commerce by any means including a
        computer.

## FACTUAL BASIS

7.      The defendant and the government agree to the following facts, which form the

basis for the entry of the plea of guilty including relevant conduct:

a.      **Count 1 (Production of Child Pornography)**
        Between in or about July 2011 and March 7, 2013, the
        defendant, Ryan C. Lander, who lived and was located in
        Steuben County in the State of New York, employed,
        used, persuaded, coerced or enticed **Victim 1**, a
        prepubescent minor who had not yet attained the age of
        twelve and was under the age of 18, who lived and was
        located in the Western District of New York, to engage
        in sexually explicit conduct for the purpose of
        photographing and producing visual depictions of that
        minor engaged in that conduct. The defendant saved
        such sexually explicit images on his computer hard drive.

b.      The visual depictions were produced using materials,
        including a computer that had been mailed, shipped, and
        transported in and affecting interstate and foreign
        commerce.

4

Relevant Conduct- **Victim 2**

    a. Between in or about May, 2008 and on or about March 7, 2013, the defendant, Ryan C. Lander, knowingly produced child pornography. The defendant employed, used, persuaded, coerced or enticed **Victim 2**, a prepubescent minor who had not yet attained the age of twelve and was under the age of 18, who lived and was located in the Western District of New York, to engage in sexually explicit conduct for the purpose of photographing and producing visual depictions of that minor engaged in that conduct. The defendant saved such sexually explicit images on his computer hard drive.

    b. The visual depictions were produced using materials, including a computer that had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

## III. SENTENCING GUIDELINES

8.    The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

9.    Pursuant to Sentencing Guidelines § 1B1.2(a), the government and the defendant agree that the defendant's sentencing range for imprisonment and a fine shall be determined as if the defendant was convicted of two counts in violation of Title 18, United States Code, Section 2251(a).

## COUNT 1

## <u>BASE OFFENSE LEVEL</u>

10.     The government and the defendant agree that Guidelines § 2G2.1(a) applies to

the offense of conviction in Count 1, and provides for a base offense level of **32**.

## <u>Count 1-SPECIFIC OFFENSE CHARACTERISTICS</u>
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

11.     The government and the defendant agree that the following specific offense

characteristics do apply to Count 1:

     a.    the **four** level increase pursuant to Guidelines
        § 2G2.1(b)(1) (A) (offense involved a minor who had not
        yet attained the age of twelve years).

     b.    the **two** level increase pursuant to Guidelines
        §2G2.1(b)(2)(A)(offense involved sexual contact).

## <u>ADJUSTED OFFENSE LEVEL</u>

12.     Based on the foregoing, it is the understanding of the government and the

defendant that the adjusted offense level for the offense of conviction in Count 1 is **38**.

## **VICTIM 2 (relevant conduct)**

## <u>BASE OFFENSE LEVEL</u>

13.     The government and the defendant agree that Guidelines §§ 2G2.1(a) and

2G2.1(d)(1) apply to the relevant conduct and provides for a base offense level of **32.**

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

14.    The government and the defendant agree that the following specific offense characteristics do apply:

> a. the **four** level increase pursuant to Guidelines § 2G2.1(b)(1)(A) (offense involved a minor who had not yet attained the age of twelve years).

> b. the **two** level increase pursuant to Guidelines §2G2.1(b)(2)(A)(offense involved sexual contact)

## ADJUSTED OFFENSE LEVEL

15.    Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the relevant conduct is **38**.

## COMBINED ADJUSTED OFFENSE LEVEL

16.    Based on Paragraphs 8 through 13 of this agreement, and Guidelines §3D1.4, it is the understanding of the defendant and the government that the defendant's combined adjusted offense level is **40**.

## ACCEPTANCE OF RESPONSIBILITY

17.    At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance

of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **37**.

## CRIMINAL HISTORY CATEGORY

18.     It is the understanding of the government and the defendant that the defendant's criminal history category is **I**.  The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

19.     It is the understanding of the government and the defendant that, with a total offense level of **37** and criminal history category of **I,** and taking into account the statutory maximum penalties, the defendant's sentencing range would be a term of imprisonment of **210 to 262** months, a fine of **$20,000 to $200,000**, and a period of supervised release of at least 5 years and up to life. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in paragraph 1 of this agreement.

8

20.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

21.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.  STATUTE OF LIMITATIONS

22.     In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any other criminal offense involving or related to the possession, distribution, receipt, or production of child pornography, which is not time barred as of the date of this agreement.   This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty pleas or vacating of the convictions becomes final.

9

## V.  GOVERNMENT RIGHTS AND RESERVATIONS

23.     The defendant understands that the government has reserved the right to:

a.      provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.      respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.      advocate for a specific sentence consistent with the terms of this agreement;

d.      modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.      oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

24.     At sentencing, the government will move to dismiss the remaining counts of the Indictment pending against the defendant.

10

25.     The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

## VI.  APPEAL RIGHTS

26.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **19**, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

27.     The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

28.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ **19**, above, notwithstanding the manner in which

the Court determines the sentence.   However, in the event of an appeal from the defendant's

sentence by the defendant, the government reserves its right to argue the correctness of the

defendant's sentence.

## VII. FORFEITURE PROVISIONS

### COMPUTER AND RELATED FORFEITURE

29.     The defendant agrees to criminally forfeit to the United States voluntarily all of

his right, title and interest to any and all assets which are subject to forfeiture pursuant to Title

18, United States Code, Section 2253(a) (1) and (a) (3).   These assets include:

(1) HP Laptop
(1) Dell Tower
(1) Emachines ET 1810 Tower Desktop Computer Serial Number
PS0082028794600AA50100.
(1) Livestrong USB
(1) Sony Digital Camera
(1) Sandisk 8GB Thumb Drive -
(1) Pinhole Camera
(1) Sandisk 2GB Micro SD
(4) Sandisk 4GB Micro SD –
(1) Lexar 2GB Memory Stick
(1) Samsung Cellphone
(2) Maxtor Hard Drives
(6) Western Digital Hard Drives
(1) Quantum Hard Drive
(1)Quantum Fireball Hard Drive
(1) Seagate Hard Drive
Numerous Compact Disks and DVDs -
Miscellaneous Photos and Clothing including children's underwear

30.     The Forfeiture and Judgment of the above listed property will be referenced in

the PRELIMINARY ORDER OF FORFEITURE.   The defendant hereby waives any other

notice of such Order.

31.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the assets.  Defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of these assets in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding.  Defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

32.     The defendant agrees that forfeiture of the aforementioned properties as authorized herein shall not be deemed an alteration of the defendant's sentence.  Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this court may impose upon the defendant in addition to forfeiture.

33.     The defendant agrees to the entry of orders of forfeiture for the aforementioned assets and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty pleas are accepted.

13

34. The defendant freely, voluntarily, knowingly, and intelligently waives any right to appeal or collaterally attack any matter in connection with the forfeiture of assets as provided in this agreement.

## VIII. TOTAL AGREEMENT AND AFFIRMATIONS

35. This plea agreement represents the total agreement between the defendant, RYAN C. LANDER, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

WILLIAM J. HOCHUL, JR.
United States Attorney
Western District of New York

BY: _____
KATHLEEN A. LYNCH
Assistant U.S. Attorney

Dated: _____ , 2015

14

I have read this agreement, which consists of 15 pages.   I have had a full opportunity to discuss this agreement with my attorney, Barry N. Covert, Esq.   I agree that it represents the total agreement reached between myself and the government.   No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty.   I fully agree with the contents of this agreement.   I am signing this agreement voluntarily and of my own free will.


RYAN C. LANDER
Defendant
Dated:  2-4-15 , 2015


BARRY N. COVERT, ESQ.
Attorney for the Defendant
Dated:  2-4-15 , 2015

15