1

**UNITED STATES DISTRICT COURT**
2                 **WESTERN DISTRICT OF NEW YORK**

3

4   UNITED STATES OF AMERICA,        )
                                     ) Case No. 1:13-CR-00151
5                                    )              (RJA)(JJM)
                     Plaintiff,      )
6                                    )
    vs.                              ) February 4th, 2015
7                                    )
    RYAN C. LANDER                   )
8                                    )
                     Defendant.      )
9

10

**TRANSCRIPT OF PLEA PROCEEDINGS**
11          **BEFORE THE HONORABLE RICHARD J. ARCARA**
                **SENIOR UNITED STATES DISTRICT JUDGE**
12

13

APPEARANCES:
14

For the Plaintiff:   WILLIAM J. HOCHUL, JR.
15                       UNITED STATES ATTORNEY
                         BY:  CAROL M. BRIDGE, ESQ.
16                       ASSISTANT UNITED STATES ATTORNEY
                         138 Delaware Avenue
17                       Buffalo, NY 14202

18   For the Defendant:   LIPSITZ GREEN SCIME CAMBRIA, LLP
                         BY:  BARRY NELSON COVERT, ESQ.
19                       42 Delaware Avenue, Suite 120
                         Buffalo, NY 14202
20

Court Reporter:      MEGAN E. PELKA
21                       Robert H. Jackson Courthouse
                         2 Niagara Square
22                       Buffalo, NY 14202

23

24

25

 1          THE CLERK:  All rise.  You may be seated.  Criminal

 2   Action 2013-151A.  United States vs. Ryan C. Lander.  Plea.

 3   Counsel, please state your name and the party you represent

 4   for the record.

 5          MS. BRIDGE:  Carol Bridge for the government.

 6          MR. COVERT:  Barry Covert for Mr. Lander.  Good

 7   morning, Your Honor.

 8          THE COURT:  Good morning.

 9          MS. BRIDGE:  Good morning, Your Honor.  I am

10   appearing on behalf of AUSA Kathleen Lynch.  Your Honor, this

11   morning, we're before the Court with a plea agreement for

12   Mr. Lander and it has been signed and I believe we're prepared

13   to go forward with this.

14          THE COURT:  Is that your understanding, Mr. Covert?

15          MR. COVERT:  Yes, Your Honor.

16          THE COURT:  Would you please administer the oath to

17   Mr. Lander?

18   (The defendant was sworn at 11:00 a.m.)

19          THE COURT:  Sir, you are now under oath and being

20   under oath during the course of these proceedings, I'll be

21   asking you some questions.  You'll have to answer those

22   questions honestly and truthfully.  If you were to give me any

23   false answer, that false answer may be used against you in a

24   further prosecution brought by the government on a charge of

25   perjury or making a false statement while under oath.  Do you

```
 1    understand that, sir?

 2            THE DEFENDANT:  Yes, Your Honor.

 3            THE COURT:  It's also very important you understand

 4    what your rights are.  If at any time during the course of

 5    these proceedings there's something you do not understand, you

 6    want to ask me a question, you want to consult with your

 7    attorney, you're free to do so.  You're encouraged to do so.

 8    It's not important that we get this over with as quickly as

 9    possible.  What's important is that I'm satisfied that you

10    fully understand what your rights are.  Do you understand

11    that?

12            THE DEFENDANT:  Yes, Your Honor.

13            THE COURT:  Now, from my understanding, you're here

14    to waive certain rights and to plead guilty to Count 1 of the

15    indictment under the terms and conditions of the plea

16    agreement.  Do you understand this charge, sir?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  Mr. Covert, you have gone over the charge

19    with your client.  It's pretty straightforward.  Are you

20    satisfied he understands it?

21            MR. COVERT:  Yes, Your Honor.

22            THE COURT:  And you've gone over the terms and

23    conditions of the plea agreement?

24            MR. COVERT:  Many times, Your Honor.

25            THE COURT:  And his rights under Rule 11?
```

1          MR. COVERT:  Absolutely, Your Honor.

2          THE COURT:  Now, sir, you have discussed this whole

3   matter with your attorney.  He's explained to you what your

4   legal rights are, what your legal options are.  You probably

5   didn't like to hear what he had to tell you, but he's not

6   there to make you feel good.  He's there to be your legal

7   advisor.

8          And apparently, based on those discussions, you're

9   here today to waive certain rights and to plead guilty to

10  Count 1 under the terms and conditions of the plea agreement.

11  Are you fully satisfied with the advice and counsel you

12  received from your lawyer?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Any complaints?

15         THE DEFENDANT:  No, sir.

16         THE COURT:  All right.  Let's proceed to the plea

17  agreement.

18         MS. BRIDGE:  The defendant, Ryan C. Lander and the

19  United States Attorney for the Western District of New York,

20  hereafter the government, hereby enter into a plea agreement

21  with the terms and conditions set forth.

22         The defendant agrees to plead guilty to Count 1 of

23  the indictment, which charges a violation of Title 18,

24  United States Code, Section 2251(a), production of child

25  pornography, for which the mandatory minimum term of

1  imprisonment is 15 years and for which the maximum possible

2  sentence is a term of imprisonment of 30 years, a fine of

3  $250,000, a mandatory $100 special assessment and a term of

4  supervisory release of five years and up to life.  The

5  defendant understands that the penalties set forth in this

6  paragraph are the maximum penalties that can be imposed by the

7  Court at sentencing.

8          THE COURT:  Do you understand that, sir?

9          THE DEFENDANT:  Yes, sir.

10          THE COURT:  Mr. Covert, did you explain to him the

11  importance of this paragraph?

12          MR. COVERT:  Absolutely, Your Honor.

13          THE COURT:  What's the importance of the paragraph?

14          MS. BRIDGE:  The importance of this paragraph, Your

15  Honor, is that it advises the defendant of the maximum

16  possible term of sentencing and in this case, also the minimum

17  mandatory sentence that he faces pursuant to this plea and

18  that would be notwithstanding the guidelines that are

19  calculated in subsequent paragraphs in this plea agreement.

20          THE COURT:  Do you understand that, sir?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  All right.

23          MS. BRIDGE:  The defendant understands that pursuant

24  to Title 18, United States Code, Section 2259(a), the Court

25  must order restitution for the full amount of the victims'

1   compensable losses up to $100,000, as determined by the Court.

2   The defendant understands that he will not be able to withdraw

3   his plea of guilty based upon any restitution amount ordered

4   by the Court.

5          THE COURT:  Do you understand that, sir?

6          THE DEFENDANT:  Yes, Your Honor.

7          MS. BRIDGE:  The defendant understands that if it is

8   determined that he has violated any of the terms or conditions

9   of supervised release, he may be required to serve in prison

10  all or part of the term of supervised release, up to three

11  years, without credit for time previously served on supervised

12  release.

13         And if the defendant commits any criminal offense

14  under Chapter 109(a), 110 or 117, or Sections 1201 or 1591 of

15  Title 18 United States Code, for which imprisonment for a term

16  longer than one year can be imposed, the defendant shall be

17  sentenced to a term of imprisonment of not less than five

18  years and up to life.

19         As a consequence, in the event the defendant is

20  sentenced to the maximum term of incarceration, a prison term

21  imposed for a violation of supervised release may result in

22  the defendant's serving a sentence of imprisonment longer than

23  the statutory maximum set forth in paragraph 1 of this

24  agreement.

25         THE COURT:  Do you understand that, sir?

1                THE DEFENDANT:  Yes, Your Honor.

2                MS. BRIDGE:  The defendant has been advised and

3    understands that under the Sex Offender Registration and

4    Notification Act he must register and keep registration

5    current in all of the following jurisdictions; where the

6    defendant resides, where he is employed and where the

7    defendant is a student.  The defendant understands the

8    requirements for registration includes providing his name,

9    residence address and the names and addresses of any places

10   where the defendant is or will be an employee or student,

11   among other information.

12               The defendant further understands this requirement to

13   keep the registration current includes informing at least one

14   jurisdiction in which the defendant resides, is an employee or

15   is a student not later than three business days after any

16   change of the defendant's name, residence, employment or

17   student status.

18               The defendant has been advised and understands that

19   failure to comply with these obligations subjects him to

20   prosecution for failure to register under federal law pursuant

21   to Title 18, United States Code, Section 2250, which is

22   punishable by imprisonment, a fine or both.

23               THE COURT:  Do you understand that, sir?

24               THE DEFENDANT:  Yes, Your Honor.

25               MS. BRIDGE:  The defendant acknowledges that a

US V LANDER - PLEA

1  conviction in this action may result in the defendant's civil

2  commitment pursuant to 18 United States Code, Section 4248, as

3  a sexually dangerous person.  The defendant understands that

4  the determination as to whether the defendant will be subject

5  to civil commitment will be made initially by the Attorney

6  General or the Director of Bureau of Prisons at the conclusion

7  of the defendant's term of imprisonment and that the Court

8  will make a final determination in a separate proceeding.

9          THE COURT:  Do you understand that?

10          THE DEFENDANT:  Yes, sir.

11          THE COURT:  What's that all about?

12          MS. BRIDGE:  Your Honor, if the -- as it sets forth,

13  the Attorney General or the Director of Bureau of Prisons, in

14  their own determination believe that the defendant, if

15  released, would be deemed a sexually dangerous person, they

16  could commit him civilly and -- but prior to that being done,

17  there must be a hearing conducted.  A recommendation would be

18  made to the district court and there would be a hearing with

19  respect to why they believe the defendant is a sexually

20  dangerous person prior to his civil commitment.

21          THE COURT:  All right.  I have never seen that

22  before.  All right.  Go ahead.  Do you understand that, sir?

23          THE DEFENDANT:  Yes, sir.

24          THE COURT:  Okay.

25          MS. BRIDGE:  The elements and factual basis for the

 1   plea, Your Honor.  The defendant understands the nature of the

 2   offense set forth in paragraph 1 of this agreement and

 3   understands that if this case proceeded to trial the

 4   government would be required to prove beyond a reasonable

 5   doubt the following elements of the crime:

 6            The defendant knowingly employed, used, persuaded,

 7   enticed or coerced a person less than 18 years old to engage

 8   in sexually-explicit conduct as defined in 18 United States

 9   Code, Section 2256, for the purpose of producing a visual

10   depiction of the person less than 18 years old engaging in

11   such conduct.  The visual depiction was produced using

12   materials that had been mailed, shipped or transported in and

13   affecting interstate or foreign commerce by any means,

14   including a computer.

15            The factual basis for the plea.  The defendant and

16   the government agree to the following facts, which form the

17   basis of the entry of the plea of guilty including relevant

18   conduct.

19            Count 1.  Production of child pornography.  Between

20   in or about July of 2011 and March 7, 2013, the defendant,

21   Ryan C. Lander, who lived and was located in Steuben County in

22   the State of New York, employed, used, persuaded, coerced or

23   enticed victim 1, a prepubescent minor, who had not yet

24   attained the age of 12 and was under the age of 18, who lived

25   and was located in the Western District of New York, to engage

1   in sexually-explicit conduct for the purposes of photographing

2   and producing visual depictions of that minor engaged in that

3   conduct.

4        The defendant 0saved such sexually-explicit images on

5   his computer hard drive.  The visual depictions were produced

6   using materials including a computer that had been mailed,

7   shipped and transported in and affecting interstate and

8   foreign commerce.

9        Relevant conduct with respect to Victim 2 is:

10  Between on or about May 2008 and on or about March 7th, 2013

11  the defendant, Ryan C. Lander, knowingly produced child

12  pornography.  The defendant employed, used, persuaded, coerced

13  or enticed Victim 2, a prepubescent minor, who had not yet

14  attained the age of 12 and was under the age of 18, who lived

15  and was located in the Western District of New York, to engage

16  in sexually-explicit conduct for the purposes of photographing

17  and producing visual depictions of that minor engaged in that

18  conduct.

19       The defendant saved such sexually-explicit images on

20  his computer hard drive and those visual depictions were

21  produced using materials including a computer that had been

22  mailed, shipped and transported in and affecting interstate

23  and foreign commerce.

24       THE COURT:  Do you understand all that, sir?

25       THE DEFENDANT:  Yes, Your Honor.

1            THE COURT:  How would you prove this?

2            MS. BRIDGE:  Your Honor, special agents from Homeland

3  Security Investigations, who conducted investigation involving

4  a website www.imgsrc.ru that allowed photo sharing among

5  users.  The investigators uncovered activity by a particular

6  user, using the username pantysnfr, who was posting pictures

7  of prepubescent females, ages approximately four and one year

8  old, as well as photos of children's underwear and diapers.

9  Those children were later identified as the victims in this

10 case.

11           Evidence obtained by administrative subpoena by

12 Microsoft and Time Warner Cable would show that the IP address

13 was obtained and identified the defendant as the user of this

14 address.  The agents would testify that they visited the

15 defendant to conduct an interview about illegal internet

16 activity.  He consented to allow them into his home and agreed

17 to answer questions.

18           During that interview, the defendant made a number of

19 admissions that the government would seek to introduce at

20 trial.  He admitted that he lived alone and was the only

21 person with access to computers and wifi.  He admitted that he

22 used the screen name, P-A-N-T-Y-S-N-F-R and I-M-G-F-R-C.  He

23 admitted he had taken photos of his nieces and posted them on

24 I-M-G-R-S-R-C and he admitted that he was attracted to

25 children and specifically the victims in this case.

1          The agents will testify that the defendant consented

2    to a search and signed a waiver permitting HSI to seize and

3    conduct an examination of his computers and electronics and

4    the agents found children's underwear in the defendant's room

5    and the defendant admitted that he had masturbated using this

6    underwear.

7          The agents subsequently obtained a search warrant and

8    retrieved other items, including multiple electronics, the

9    defendant's clothing, which was depicted in the photos with

10   the victims and the children's clothing.

11         A subsequent search warrant was obtained and searched

12   the computers and electronic media were obtained on consent

13   and through the warrant.  A forensic examination of the

14   computer was obtained on consent and by warrant would show

15   that they revealed evidence of child pornography, including

16   images of victims produced by the defendant.

17         The defendant also had anti-forensic software

18   installed on his computer, as well as a file shredder program

19   and file encryption software and witnesses would be called to

20   testify to those facts, Your Honor.

21         THE COURT:  Do you understand all that, sir?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  Okay.

24         MS. BRIDGE:  The sentencing guidelines.  The

25   defendant understands that the Court must consider, but is not

1   bound by the sentencing guidelines under the Sentencing Reform

2   Act of 1984.  Pursuant to the Sentencing Guideline

3   Section 1B1.2(a), the government and the defendant agree that

4   the defendant's sentencing range for imprisonment and a fine

5   shall be determined as if the defendant was convicted of two

6   counts in violation of Title 18, United States Code,

7   Section 2251(a).

8            THE COURT:  Do you understand that, sir?

9            THE DEFENDANT:  Yes, Your Honor.

10           THE COURT:  Okay.

11           MS. BRIDGE:  Count 1, the base offense level.  The

12   government and defendant agree that Guideline Section 2G2.1(a)

13   applies to the offense of conviction in Count 1 and provides

14   for a base offense level of 32.

15           THE COURT:  Do you understand that, sir?

16           THE DEFENDANT:  Yes, Your Honor.

17           THE COURT:  You saw this table?

18           THE DEFENDANT:  Yes, I did.

19           THE COURT:  With all these numbers?  Okay.  This is

20   important because you're going to end up somewhere on this

21   table.  And where you end up, that's a range of months that

22   are being recommended to the Court as to what the sentence

23   should be.  I'm not bound by it, but I'm going to carefully

24   consider it.  You want to end up as far to the top of this

25   table as you can and as far away from the bottom, because as

1  you go down that page, those numbers get pretty high.  Now,

2  this particular violation, under these facts and

3  circumstances, under the guidelines, as I'm sure your lawyer

4  spent a lot of time explaining this to you, the number is 32.

5  Now, we're going to make some adjustments here.  We're looking

6  at any aggravating or mitigating factors to get a number that

7  would fit your situation.

8          If you have any questions about it as we go through

9  this, you let me know; otherwise, I'll assume you understand

10  this as a result of your discussions with your attorney.  Do

11  you understand that?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Mr. Covert, you went over all this with

14  your client?

15          MR. COVERT:  Many times, Your Honor.

16          THE COURT:  All right.

17          MS. BRIDGE:  Under Count 1, the specific offense

18  characteristics and chapter 2 adjustments are as follows:  The

19  government and the defendant agree that the following specific

20  offense characteristics do apply to Count 1; the four-level

21  increase pursuant to Guideline Section 2G2.1(b)(1)(A), that

22  the offense involved a minor who had not yet attained the age

23  of 12 years and a two-level increase pursuant to Guideline

24  Section 2G2.1(b)(2)(A), the offense involved sexual contact.

25  The adjusted offense level, based on the foregoing, is -- with

 1   the understanding of the government and the defendant would

 2   be, as to Count 1, 38.

 3            With respect to Victim 2, the base offense level, the

 4   government and the defendant agree that Guideline Sections

 5   2G2.1(a) and 2G2.1(d)(1) apply to the relevant conduct and

 6   provide for a base offense level of 32.  The specific offense,

 7   characteristic chapter 2 adjustments, that the government and

 8   the defendant agree apply are the four-level increase pursuant

 9   to Guideline Section 2G2.1(b)(1)(A), that the offense involved

10   a minor who had not yet attained the age of 12 years and the

11   two-level increase pursuant to the Guideline Section

12   2G2.1(b)(2)(A), the offense involved sexual contact.

13            The adjusted offense level.  It is the understanding

14   of the government and the defendant for the relevant conduct

15   under Count 2 is 38.  The combined adjusted offense level,

16   based on paragraphs 8 through 13 of this agreement and

17   Guideline Section 3D1.4, it is the understanding of the

18   defendant and the government that the defendant's combined

19   adjusted offense level is 40.

20            THE COURT:  Do you understand this, sir?

21            THE DEFENDANT:  Yes, Your Honor.

22            THE COURT:  Okay.

23            MS. BRIDGE:  At sentencing, the government agrees not

24   to oppose the recommendation that the Court apply the two-

25   level downward adjustment of Guideline Section 3E1.1(a) for

1    acceptance of responsibility and further agrees to move the

2    Court to apply the additional one-level downward adjustment of

3    Guideline Section 3E1.1(b), which would result in a total

4    offense level of 37.

5              THE COURT:  Now, do you understand that, sir?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  That provision says that if you're guilty

8    of the offense and willing to accept responsibility, that you

9    can get a reduction in three levels.  That theory being that

10   if you provide acceptance of responsibility, by pleading

11   guilty, it's evidence you are.  Obviously, if you're not

12   guilty, you have no business being here.  If you're guilty and

13   you're willing to accept responsibility, you get a reduction

14   of three levels.

15             And if you look at those numbers, 37 at the low end,

16   40 at the high end, you can see there's quite a bit of

17   difference there in the sentencing range.  There's no

18   guarantee you'll get the lower end, but it gives you and your

19   lawyer a chance to argue for a lower sentence.

20             If you went to trial and if you were convicted, in

21   all likelihood, this three-level reduction would not be

22   available to you; the theory being you save the government the

23   time and expense of a trial, you should get a lower sentence

24   or recommend a lower sentence.  Do you understand that?

25             THE DEFENDANT:  Yes, sir.

 1              THE COURT:  All right.

 2              MS. BRIDGE:  Under the criminal history category, it

 3    is the understanding of the government and the defendant that

 4    the defendant's criminal history category is 1.  The defendant

 5    understands if he is sentenced for or convicted of any other

 6    charges prior to sentencing in this action, his criminal

 7    history category may increase.  The defendant understands that

 8    he has no right to withdraw the plea of guilty based on the

 9    Court's determination of the defendant's criminal history

10    category.

11              The Guidelines Application Calculations and Impact.

12    It's the understanding of the government and the defendant

13    that with a total offense level of 37 and a criminal history

14    category of 1 and taking into account the statutory maximum

15    penalties, the defendant's sentencing range would be a term of

16    imprisonment of 210 to 262 months, a fine of 20 to $200,000,

17    and a period of -- 20,000 to $200,000 and a period of

18    supervised release of at least five years and up to life.

19              Notwithstanding this, the defendant understands that

20    at sentencing he is subject to the minimum and maximum

21    penalties set forth in paragraph 1 of this agreement.

22              THE COURT:  Do you understand that, sir?

23              THE DEFENDANT:  Yes, Your Honor.

24              MS. BRIDGE:  The government and the defendant agree

25    to the correctness of the calculation of the sentencing

1    guideline range set forth above.  The government and the

2    defendant, however, reserve the right to recommend a sentence

3    outside the sentencing guideline range.  This paragraph

4    reserves the right to the government and the defendant to

5    bring to the attention of the Court all information deemed

6    relevant to a determination of the proper sentence in this

7    action.

8            THE COURT:  All right.

9            MS. BRIDGE:  The defendant understands that the Court

10   is not bound to accept any sentencing guideline calculation

11   set forth in this agreement and the defendant will not be

12   entitled to withdraw the plea of guilty based on the sentence

13   imposed by the Court.

14           THE COURT:  Do you understand that, sir?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  Mr. Covert, any reason to read the Statue

17   of Limitations?

18           MR. COVERT:  No, Your Honor.

19           THE COURT:  And the government rights and

20   reservations?

21           MR. COVERT:  No, Your Honor.

22           THE COURT:  All right.  Let's go to the appeal

23   rights.

24           MS. BRIDGE:  The appeal rights.  The defendant

25   understands that Title 18, United States Code, Section 3742

```
 1  affords the defendant a limited right to appeal the sentence
 2  imposed.  The defendant, however, knowingly waives the right
 3  to appeal and collaterally attack any component of the
 4  sentence imposed by the Court which falls within or is less
 5  than the sentencing range for imprisonment, fine and
 6  supervised release set forth in section 3, paragraph 19 above,
 7  notwithstanding the manner in which the Court determines the
 8  sentence.
 9          In the event of an appeal of the defendant's sentence
10  by the government, the defendant reserves the right to argue
11  the correctness of the defendant's sentence.  The defendant
12  understands that by agreeing to not collaterally attack the
13  sentence, he is waiving the right to challenge the sentence in
14  the event that in the future he becomes aware of previously
15  unknown facts or a change in the law which the defendant
16  believes would justify a decrease in his sentence.
17          The government waives its right to appeal any
18  component of a sentence imposed by the Court which falls
19  within the sentencing range for imprisonment, fine and
20  supervised release set forth in section 3, paragraph 19 above,
21  notwithstanding the manner in which the Court determines his
22  sentence.  However, in the event of an appeal from the
23  defendant's sentence by the defendant, the government reserves
24  its right to argue the correctness of the defendant's
25  sentence.
```

```
 1              THE COURT:  Do you understand that, sir?

 2              THE DEFENDANT:  Yes, Your Honor.

 3              THE COURT:  Okay.

 4          MS. BRIDGE:  The next section discusses forfeiture

 5   provisions --

 6              THE COURT:  Just summarize that, please.

 7          MS. BRIDGE:  -- of computer-related forfeiture.  This

 8   section lists items seized from the defendant during -- by

 9   consent and via search warrant that was lawfully obtained,

10   Your Honor and this section says that the defendant is

11   agreeing to criminally forfeit all these items and will not

12   challenge their forfeiture to the government.

13              THE COURT:  Do you understand that, sir?

14              THE DEFENDANT:  Yes, Your Honor.

15          MS. BRIDGE:  Finally, this plea agreement represents

16   the total agreement between the defendant, Ryan C. Lander and

17   the government.  There are no promises made by anyone other

18   than those contained in this agreement.  This agreement

19   supercedes any other prior agreements, written or oral,

20   entered into between the government and the defendant.  It is

21   signed by Assistant United States Attorney Kathleen Lynch and

22   dated today.

23          What follows is a statement saying I, meaning the

24   defendant, have read this agreement, which consists of

25   15 pages.  I have had a full opportunity to discuss this
```

1   agreement with my attorney, Barry M. Covert, Esq.  I agree

2   that it represents the total agreement between myself and the

3   government.  No promises or representations have been made to

4   me other than what is contained in this agreement.  I

5   understand all the consequences of my plea of guilty and I

6   fully understand what -- the contents of this agreement.  I am

7   signing this agreement voluntarily and of my own free will.

8   It is signed by the defendant and his counsel, Mr. Barry

9   Covert and dated today, Your Honor.

10          THE COURT:  Now, sir, we have gone over the agreement

11  in court.  You indicated that you understand it.  Your

12  attorney says he's gone over it with you; he's satisfied you

13  understand it and you signed it, indicating you understand it.

14  Any questions?

15          THE DEFENDANT:  No, sir.

16          THE COURT:  Are these all the terms and conditions of

17  the plea agreement which we just read here in court?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  No one has made any other promises to

20  you, have they?

21          THE DEFENDANT:  No, sir.

22          THE COURT:  How old are you, sir?

23          THE DEFENDANT:  Thirty-seven.

24          THE COURT:  Thirty-seven?

25          THE DEFENDANT:  Thirty-seven.  Yes, sir.

1             THE COURT:  Where were you born and raised?

2             THE DEFENDANT:  I was born in Rochester, raised in

3    and around Dansville and Wayland, New York.

4             THE COURT:  All right.  And what's the extent of your

5    education?

6             THE DEFENDANT:  A two-year college degree.

7             THE COURT:  Where did you go to college?

8             THE DEFENDANT:  Alfred State.

9             THE COURT:  And what were your degrees in?

10            THE DEFENDANT:  Computer and electronic systems

11   technician.

12            THE COURT:  All right.  And are you married?

13            THE DEFENDANT:  We're separated.

14            THE COURT:  Do you have any children?

15            THE DEFENDANT:  No, sir.

16            THE COURT:  What kind of work have you done over the

17   years?

18            THE DEFENDANT:  I've been an industrial electrician

19   for 14 years.

20            THE COURT:  Okay.  What kind of hobbies do you have?

21   What do you like to do?

22            THE DEFENDANT:  I like to collect tube radios,

23   antiques, things of that nature.

24            THE COURT:  Okay.  Are you seeing a doctor for any

25   reason right now?

1          THE DEFENDANT:  No, sir.

2          THE COURT:  Psychiatrist?

3          THE DEFENDANT:  No, sir.

4          THE COURT:  Have you ever been hospitalized or

5    treated for narcotic addiction?

6          THE DEFENDANT:  No, sir.

7          THE COURT:  Are you today under the influence of any

8    drug, medicine or alcohol?

9          THE DEFENDANT:  No, sir.

10          THE COURT:  Mr. Covert, your client obviously is very

11   intelligent; appears to be alert, focused, attentive; clearly

12   understands everything I'm saying and everything that's going

13   on here.  He does not appear to be under the influence of any

14   drug, medicine or alcohol.  Is that consistent with your

15   observations?

16          MR. COVERT:  It is, Your Honor.

17          THE COURT:  Okay.  Has anyone forced you to plead

18   guilty?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  Has anyone threatened you in any way?

21          THE DEFENDANT:  No, sir.

22          THE COURT:  Your willingness to plead guilty, you

23   discussed it with your attorney, he discussed it with the

24   government's attorney and based on those discussions, this

25   plea agreement was prepared and that's how this all came

1    about, true?

2         THE DEFENDANT:  Yes, sir.

3         THE COURT:  Now, do you understand the offense which

4    you are pleading guilty to obviously is a serious offense and

5    if accepted by the Court, you'll be found guilty.  There will

6    be no appeal as long as the sentence is consistent with the

7    terms and conditions of the plea agreement.  Do you understand

8    that?

9         THE DEFENDANT:  Yes, Your Honor.

10        THE COURT:  And being found guilty of this offense

11   may deprive you of certain rights.  You may lose the right to

12   vote, right to hold public office, right to serve on a jury,

13   right to possess a firearm, certain civil service type jobs.

14   You may lose those rights.  Do you understand that, sir?

15        THE DEFENDANT:  Yes, sir.

16        THE COURT:  And do you understand all the possible

17   consequences?  We've talked about paragraph 1 of the plea

18   agreement.  We've talked about the guidelines.  We talked

19   about the restitution -- possible restitution, the possible

20   fine, the cost, the mandatory special assessment of $100.  Do

21   you understand all that, sir?

22        THE DEFENDANT:  Yes, Your Honor.

23        THE COURT:  Now, do you understand that you have a

24   right to plead not guilty to this offense, which you have done

25   up to the present time and you have a right to persist in that

1  plea of not guilty.  You have a right to a trial; a fair trial

2  in this courtroom where a jury of 12 people will decide

3  whether you're guilty or not guilty.  First of all, I'd be the

4  judge, and to the best of my ability I would conduct a trial

5  fairly and impartially.  I have no interest in this case,

6  other than to make sure that you and the government get a fair

7  trial.

8          In selecting that jury, we would have in this

9  courtroom somewhere around 50 to 75 people, individuals who

10  are in the jury pool, people who live in this district.

11  They'd be in the courtroom, you'd be in the courtroom.  Your

12  attorney would be with you.  They'd all be put under oath to

13  answer all my questions honestly and truthfully.

14          If anyone in that group that -- if there were anyone

15  in that group who would not be fair and impartial, that person

16  would be removed.  And you'd have input into that through your

17  lawyer and say, hey, Judge, this guy's already made up his

18  mind.  And if I agree with you -- and there's no reason why I

19  wouldn't if it seems to make sense -- that person would be

20  gone.

21          Also, you could remove up to ten people for any

22  reason you want, other than race or gender.  You can't say I

23  don't any women on my jury, or I don't want any particular

24  race of people on my jury.  You can't discriminate in that

25  sense.  Do you understand that?

1                THE DEFENDANT:  Yes, sir.

2                THE COURT:  Mr. Covert would represent you.  You have

3        a right to hear and to see all the witnesses and have him

4        cross examine them and after the government has rested its

5        case, you could put on a defense.  You could subpoena

6        witnesses or any records that are relevant.

7                But you don't have to do anything.  You have no

8        obligation to do a thing.  You're presumed not guilty.  In

9        other words, you can just sit right there.  The burden is on

10       the government to convince all 12 jurors that you're guilty

11       beyond a reasonable doubt.  Do you understand that, sir?

12               THE DEFENDANT:  Yes, Your Honor.

13               THE COURT:  And by entering a plea of guilty, if

14       accepted by the Court, there will be no trial.  You will have

15       waived your right to trial as well as all of the other rights

16       we've talked about.  Do you understand that, sir?

17               THE DEFENDANT:  Yes, sir.

18               THE COURT:  Any questions?

19               THE DEFENDANT:  No, sir.

20               THE COURT:  You're doing this voluntarily, of your

21       own free will, no one's forcing you to do this?

22               THE DEFENDANT:  Yes, sir.

23               THE COURT:  You understand all the possible

24       consequences?

25               THE DEFENDANT:  Yes, sir.

US V LANDER - PLEA

```
 1              THE COURT:  Counsel, is there any reason why I
 2    shouldn't accept the plea?
 3              MS. BRIDGE:  No, Your Honor.
 4              MR. COVERT:  No, Your Honor.
 5              THE COURT:  You're both satisfied I complied with all
 6    the requirements of Rule 11?
 7              MS. BRIDGE:  Yes, Your Honor.
 8              MR. COVERT:  Yes, Your Honor.
 9              THE COURT:  How do you plead to Count 1, sir; guilty
10    or not guilty?
11              THE DEFENDANT:  Guilty, Your Honor.
12              THE COURT:  It is the finding of the Court the
13    defendant is fully competent and capable of entering an
14    informed plea.  His plea of guilty is a knowing and voluntary
15    plea supported by an independent basis of fact containing each
16    essential element of the offense charged.  This plea is
17    therefore accepted.  He is judged guilty of Count 1.
18              Sentencing will be scheduled for May 14th at 12:30.
19    A written presentence report will be prepared by the probation
20    office to assist the Court in imposing sentence.  You'll be
21    afforded an opportunity to meet with the probation officer to
22    provide information in that report.  Your attorney should be
23    present.  You'll receive a copy of the report, as well as your
24    attorney.
25              You'll be able to file any additional information or
```

 1  any motions or any objections or any memorandum that are

 2  consistent with the terms and conditions of the plea agreement

 3  and both you and your attorney will have an opportunity to

 4  address the Court at the time of sentencing and say anything

 5  you wish to say in mitigation of the sentence.  The schedule

 6  for filing all papers will be as follows.

 7          THE CLERK:  The initial presentence report will be

 8  due March 30th.  The statement of the parties with respect to

 9  sentencing factors and objections, if any and motions, if any,

10  will be due April 23rd.  Responses to any objections or

11  responses to any motions will be due April 30th.  A sentencing

12  memorandum and/or character letters in support of the

13  defendant will be due April 30th.

14          Any motion to adjourn the sentencing date will be due

15  by May 4th.  The final presentence report will be due May 7th

16  and the government's response to any legal argument in

17  defendant's sentencing memorandum will be due May 7th.

18          THE COURT:  All right.  Anything further?

19          MS. BRIDGE:  No, Your Honor.

20          MR. COVERT:  No, Your Honor.  Thank you, Your Honor.

21          THE COURT:  Thank you.  Court will be in recess.

22          THE CLERK:  All rise.

23  (Proceeding ended.)

24

25

1          *     *     *     *     *     *     *

2

3          I certify that the foregoing is a

4     correct transcription of the proceedings

5     recorded by me in this matter.

6

7

8

9                         s/ Megan E. Pelka

10                        Court Reporter

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25