IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                            Docket No. 13-CR-00151

VS

Ryan C. Lander

---

      PLEAE TAKE NOTICE, that upon the annexed affidavit of the Defendant Ryan C. Lander duly sworn to on the 3 day of March, 2017, the undersigned moves this Curt for an Order pursuant to Fed. R. Crim. 11(d)(2)(B) permitting the Defendant to withdraw his plea of guilty.

Dated:  Buffalo, New York
          March 8, 2017

                                                    S/ Patrick J. Brown
                                                  ———————————————
                                                  Patrick J. Brown, Esq.
                                                  Attorney for Ryan Lander
                                                  Office and Post Office Address
                                                  147 Linwood Avenue
                                                  Buffalo, New York   14209
                                                  (716) 854-1446

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                Docket No. 13-CR-00151

VS

Ryan C. Lander

---

STATE OF OHIO

COUNTY OF

    Ryan C. Lander being duly sworn, deposes and says:

    1. The undersigned is the Defendant in the above entitled action and makes this affidavit in support of the motion to withdraw his guilty plea, pursuant to Fed. R. Crim. P.(d)(2)(B) on the grounds that he can show a fair and just reason for requesting the withdrawal of his plea.

    2. Your deponent is charged in an indictment with two counts of production of child pornography and one count of possession of child pornography in violation of 18 U.S.C §2251(a) and 2251 (e). (DKT#15).

    3. On February 4, 2015, your deponent entered into a written plea agreement pursuant to which he agreed to plead guilty to Count One of the Indictment, charging production of child pornography. (DKT#57).

    4. The Court accepted your deponent's guilty plea on February 4, 2015 as appears more fully from the transcript of the plea proceedings. (DKT#75).

    5. Your deponent recognizes that the proponent of a motion to set aside a plea carries a heavy burden. However, in this case, your deponent respectfully submits that he satisfies that

burden, based upon the following facts:

6. Your deponent maintains that he was coerced into taking the plea by the actions of His former attorney and his father.

7. More specifically, your deponent had numerous discussions with his attorney during the course of which he was told that there was no option other than to plead guilty because there was no viable defense to the charges. He was further told that if he did not plead guilty, he was likely facing significantly more jail time.

8. Your deponent was never provided with a copy of the omnibus pretrial motion prepared by his former counsel. Your deponent only saw this motion after the entry of the guilty plea and believes that if he had seen it before he entered the plea, that he would not have plead guilty, but, instead, would have asked his former attorney to file and argue the motion.

9. Your deponent further states to the Court that on numerous times and occasions, he requested his former attorney to view information concerning the images that are the subject of the indictment. In particular, your deponent asked his then attorney to find out the size of the images and the computer folders in which they were allegedly found.

10. Your deponent's prior attorney informed your deponent that he viewed the images but did not provide me with information concerning their size and location despite my repeated requests to him in a series of letters.

11. Your deponent further believes that if argued, the pretrial motions would have resulted in the suppression of evidence because I was never provided with a receipt for the seized computers and was never provided with warnings pursuant to the rule in *Miranda v. Arizona*, 384 U.S. 436 prior to being questioned. I WAS ALSO COERCED TO SIGN A CONSENT TO SEARCH FORM, WHICH WOULD ALSO RESULT IN SUPPRESSION.

12. The docket sheet in this case reflects a number of adjourned plea dates. These


R.C.L.
2/25/17

were occasioned because my former lawyer spoke with me on numerous occasions in the manner set forth above, which had the result of breaking me down to the point where I agreed to accept the plea. I was told that if, during the course of the plea colloquy I did not affirmatively answer the questions from the court concerning the voluntariness of the plea, that it would be rejected and that I would then be required to go to trial where it was likely I would be convicted and receive a significantly greater sentence.

13. in conversations with my father about the discussions I had with my former attorney, my father, based upon information he received from my attorney, pressured me to plead guilty.

14. During the course of the plea colloquy, I answered the questions put to me by the Court because of the coercion I felt from my attorney and father. As a result of these facts, my prior lawyer was removed by the court, and new counsel was appointed to me.

15. For these reasons, it is respectfully requested that my guilty plea be vacated and set aside.

(R.C.L. 2/25/17)

_____
Ryan C. Lander

Sworn to before me this March 6
Day of ~~February~~, 2017.

_____
L. Harper
Notary Public

State of Ohio
Mahoning County
Commission Expires: 3/4/2020

4