IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

Docket No. 13-CR-00151

VS

Ryan C. Lander

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW HIS GUILTY PLEA

### PRELIMINARY STATEMENT

As it appears more fully from the Defendant's affidavit, sworn to on February    , 2017,

he seeks to withdraw his guilty plea entered in this Court on February 4, 2015, for the reasons

set forth in his affidavit.  Based on the argument set forth below, it is requested that the Court

grant his motion.

### ARGUMENT

In order to succeed on a motion to set aside a plea, a defendant is required to establish

a fair and just reason for doing so.  Fed. R. Crim. P.  11 (d)(2)(B).

In the case at bar, it is not claimed that this Court did not comply with the requirements

of R 11.  *United States v. Livorsi,* 180 F 3d  76 (2d Cir. 1999).

Rather, this motion is based on the Defendant having been coerced into pleading guilty.

As he explains in his affidavit and for the reasons set forth there, he felt pressured by his former

counsel and his father to plead guilty, despite his misgivings about doing so.

Rule  11 is express in requiring that before a plea of guilty can be accepted, a

determination must be made that the plea is voluntary and not the result of force, threats or

1

promises other than those contained in a Plea Agreement.  Fed. R. Crim. 11(b)(2).  While it is

acknowledged that this defendant in response to questions from the Court stated that no one

had forced him to plead guilty.  (DKT#75 at 23).    Nonetheless, his decision to do so was based

upon the coercion described in his affidavit.  (DKT#75 at 23).

It is further acknowledged that the decision to allow a guilty plea to be withdrawn is

committed to the discretion of the district court.  *United  States v. Arteca,* 411 F. 3d 315(2d Cir.

2005).   Such permission is granted only where a defendant plausibly  maintains that his plea

was not voluntarily made.  *United States . v. Lopez,* 385 F. 3d 245, 254 (2d Cir. 2004).   An

application to  withdraw a guilty plea may be denied without a hearing if the defendant's

allegations merely contradict the record or are incredible or conclusory.  *United States v.*

*Torres,* 129 F. 3d 710, 715 (2d Cir. 1997) (citing *United States v.  Gonzalesz*,  970 F. 2d 1095,

1100 (2d Cir. 1992)).

This Defendant, here,  has set forth a plausible reason for withdrawing his guilty plea

and, accordingly, is entitled to the relief sought in his motion.

Dated:  Buffalo, New York
      March 8 , 2017.


                                    _____

                                    Patrick J. Brown, Esq.
                                    Losi & Gangi
                                    Attorneys for the Defendant
                                    147 Linwood Avenue
                                    Buffalo, New York   14209

promises other than those contained in a Plea Agreement.  Fed. R. Crim. 11(b)(2).  While it is acknowledged that this defendant in response to questions from the Court stated that no one had forced him to plead guilty.  (DKT#75 at 23).    Nonetheless, his decision to do so was based upon the coercion described in his affidavit.  (DKT#75 at 23).

It is further acknowledged that the decision to allow a guilty plea to be withdrawn is committed to the discretion of the district court.  *United States v. Arteca,* 411 F. 3d 315(2d Cir. 2005).   Such permission is granted only where a defendant plausibly  maintains that his plea was not voluntarily made.  *United States . v. Lopez,* 385 F. 3d 245, 254 (2d Cir. 2004).   An application to  withdraw a guilty plea may be denied without a hearing if the defendant's allegations merely contradict the record or are incredible or conclusory.  *United States v. Torres,* 129 F. 3d 710, 715 (2d Cir. 1997) (citing *United States v.  Gonzalesz*,   970 F. 2d 1095, 1100 (2d Cir. 1992)).

This Defendant, here,  has set forth a plausible reason for withdrawing his guilty plea and, accordingly, is entitled to the relief sought in his motion.

Dated:  Buffalo, New York
          March 8 , 2017.

S/ Patrick J. Brown
_____
Patrick J. Brown, Esq.
Losi & Gangi
Attorneys for the Defendant
147 Linwood Avenue
Buffalo, New York   14209