IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

       v.                                              13-CR-151-A

RYAN C. LANDER,

                Defendant

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
## TO WITHDRAW GUILTY PLEA

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response in opposition to the defendant's motion to withdraw his guilty plea (Dkt. 88).

## PRELIMINARY STATEMENT

On July 11, 2013, the grand jury returned a three-count Indictment charging the defendant with two violations of Title 18, United States Code, Section 2251(a) [Production of Child Pornography], and one violation of Title 18, United States Code, Section 2252A(a)(5)(B) [Possession of Child Pornography]. On February 4, 2015, the defendant pleaded guilty to Count 1 of the Indictment, pursuant to a written plea agreement (Dkt. 57), and the Court accepted the guilty plea. In the plea agreement, the defendant admitted to the factual basis for the plea, acknowledged he understood all the terms of the plea agreement, and stated that his plea was voluntary. On April 8, 2016, the defendant filed a letter with the Court asking for new assigned counsel and permission to withdraw his guilty plea. Dkt. 74. The Court subsequently relieved his assigned counsel, Attorney Barry Covert, Esq.

On March 8, 2017, the defendant filed a motion through his newly assigned counsel to withdraw his guilty plea (Dkt. 88). In the accompanying affidavit (Dkt. 89), the defendant claims "he was coerced into taking the plea by the actions of His former attorney and his father." Dkt. 88, ¶6. Because the defendant's motion is without merit, and contrary to statements made by the defendant both in the written plea agreement and during the plea allocution on February 4, 2015, the defendant's motion should be denied.

## LEGAL AUTHORITY

Under Rule 11(d) of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea before sentencing if the defendant can show "a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, a defendant has no absolute right to withdraw a guilty plea. *United States v. Figueroa*, 757 F.2d 466, 475-76 (2d Cir. 1985). A defendant who seeks to withdraw his plea bears the heavy burden of showing there are valid grounds for withdrawal. *United States v. Couto*, 311 F.3d 179, 185 (2d Cir. 2002). "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *United States v. Gonzalez*, 970 F.2d 1095, 1100 (2d Cir.1992).

To determine whether a "fair and just" reason to allow the withdrawal exists, the Court should consider "1) the amount of time between the plea and the motion to withdraw; 2) whether the defendant is now asserting [his] legal innocence; and 3) the prejudice, if any, to the government." *Couto*, 311 F.3d at 185. Although prejudice to the government is a factor

for the Court to consider, the government does not need to show prejudice until a defendant makes a showing of a valid reason for withdrawal. *United States v. Maher*, 108 F.3d 1513, 1529 (2nd Cir. 1997).

The district court may require a hearing on the issue if the defendant has presented "some significant questions concerning the voluntariness or general validity of the plea," *Gonzalez*, 970 F.2d at 1100. However, where the defendant moves to withdraw the plea on the ground that the plea was not knowingly and voluntarily, the motion may be denied without a hearing where the allegations are "inherently incredible" or "simply conclusory." *Gonzalez*, 970 F.2d at 1100. Also, no hearing is necessary if the defendant's allegations are contradicted by the statements made under oath at the plea proceeding. *See* 970 F.2d at 1101. *See also United States v. Diaz*, 176 F.3d 52, 114 (2d Cir. 1999) (denying application to remand for evidentiary hearing where defendant's claim that he was threatened into pleading guilty found no support in record and was contradicted by his plea allocution; *United States v. Torres*, 129 F.3d 710, 715-16 (2d Cir. 1997) (same).

The Court should not grant the defendant's motion for withdrawal if the defendant entered the guilty plea fully aware of the consequences of the plea. *Figueroa*, 757 at 475. Additionally, a previous open admission of guilt by the defendant may suffice for a denial of the motion to withdrawal. *United States v. Saft*, 558 F.2d 1073, 1082 (2d Cir. 1977).

There is a strong societal "interest in the finality of guilty pleas, and allowing withdrawal of pleas undermines confidence in the integrity of our judicial procedures, increases the volume of judicial work, and delays and impairs the orderly administration of justice." *United States v. Sweeney*, 878 F.2d 68, 70 (2d Cir. 1989) (internal citations omitted).

The district court has broad discretion in determining whether to grant a motion to withdraw a guilty plea. *Saft*, 558 at 1083. A district court's denial of a motion to withdraw a plea of guilty is reviewed only for abuse of discretion. *See United States v. Vega*, 11 F.3d 309, 313 (2d Cir. 1993); *United States v. O'Hara*, 960 F.2d 11, 13-14 (2d Cir. 1992).

## ANALYSIS

I. **The Defendant Cannot Show a Fair and Just Reason for Requesting the Withdrawal of His Guilty Plea.**

The defendant has not presented significant questions concerning the voluntariness or validity of his plea because his allegations are *inherently incredible*. Indeed, the defendant's assertions within his motion directly contradict his statements made under oath at the change of plea hearing. Therefore, no hearing is necessary, the defendant has not shown a fair and just reason for requesting the withdrawal of his guilty plea, and the defendant's motion to withdraw his guilty plea should be denied.

During the defendant's plea allocution, while the defendant was *under oath*, the following exchange took place, which shows the defendant understood the consequences of

4

his guilty plea, discussed his guilty plea with his attorney, expressed no dissatisfaction with his attorney's advice, and that the defendant entered the guilty plea voluntarily, intelligently, and under no threats or coercion:

| | |
|---|---|
| THE COURT: | Mr. Covert, you have gone over the charge with your client. Its's pretty straightforward. Are you satisfied he understands it? |
| MR. COVERT: | Yes, Your Honor. |
| THE COURT: | And you've gone over the terms and conditions of the plea agreement? |
| MR. COVERT: | Many times, Your Honor. |
| THE COURT: | And his rights under Rule 11? |
| MR. COVERT: | Absolutely, Your Honor. |
| THE COURT: | Now, sir, you have discussed this whole matter with your attorney. He's explained to you what your legal rights are, what your legal options are. You probably didn't like to hear what he had to tell you, but he's not there to make you feel good. He's there to be your legal advisor.<br><br>And apparently, based on those discussions, you're here today to waive certain rights and to plead guilty to Count 1 under the terms and conditions of the plea agreement.<br><br>Are you fully satisfied with the advice and counsel you received from your lawyer? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Any complaints? |
| DEFENDANT: | No, sir. |
| | Transcript (Tr.) at 3-4. |

...

The Court also addressed the last paragraph of the defendant's plea agreement:

> I [the defendant] have read this agreement, which consists of 15 pages. I have had a full opportunity to discuss this agreement with my attorney, Barry N. Covert, Esq. I agree that it represents the total agreement between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

The defendant and his defense attorney signed the agreement. Dkt. 57 at 15.

The transcript continues:

| | |
|---|---|
| THE COURT: | Now, sir, we've gone over the agreement in court. You indicated that you understand it. Your attorney says he's gone over it with you; he's satisfied that you understand it and you signed it, indicating you understand it. Any questions? |
| DEFENDANT: | No, sir. |

Tr. at 19-21.

...

| | |
|---|---|
| THE COURT: | Has anyone forced you to plead guilty? |
| DEFENDANT: | No, sir. |
| THE COURT: | Has anyone threatened you in any way? |
| DEFENDANT: | No, sir. |
| THE COURT: | Your willingness to plead guilty, you discussed it with your attorney, he discussed it with the government's attorney and based on those discussions, this plea agreement was prepared and that's how this all came about, true? |
| DEFENDANT: | Yes, sir.<br>Tr. at 23-24. |

The Court then addressed the defendant's right to plead not guilty, persist in that plea, and his right to a jury trial during which he would be represented by counsel. Tr. at 24-26.

The transcript continues:

THE COURT: You're doing this voluntarily, of your own free will, no one's forcing you to do this?

DEFENDANT: Yes, sir.

THE COURT: You understand all the possible consequences?

DEFENDANT: Yes, sir.

Tr. at 26.

The defendant then pleaded guilty to Count 1 of the Indictment. Tr. at 27.

THE COURT: It is the finding of the Court the defendant is fully competent and capable of entering an informed plea. His plea of guilty is a knowing and voluntary plea supported by an independent basis of fact containing each essential element of the offense charged. The plea is therefore accepted. He is judged guilty of Count 1.

Tr. at 27.

Based on the record of the plea allocution on February 4, 2015, the defendant understood the consequences of his guilty plea, discussed his guilty plea with his attorney, and expressed no dissatisfaction with Mr. Covert's advice and counsel. Moreover, the defendant entered the guilty plea voluntarily, intelligently, and under no threats or coercion.

In the defendant's motion, the defendant alleges that Mr. Covert told the defendant "that there was no option other than to plead guilty because there was no viable defense to the charges." Dkt. 88, ¶7.  However, the Second Circuit has made clear that "defense counsel's blunt rendering of an honest but negative assessment of appellant's chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea." *United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001).  Indeed, a defendant's feeling of duress is "hardly an unusual outcome" after hearing his attorney's recommendation to plead guilty rather than proceed to trial, particularly coupled with the attorney's prediction of almost inevitable conviction at trial followed by a long jail sentence. Absent factors such as actual or threatened physical harm, the improper use of economic power, or mental coercion overbearing the defendant's will or making him unable to weigh his options rationally, none of which is found in the record of this case, there is no legally cognizable coercion negating the voluntariness of a guilty plea.  *Id.* at 172.

In *United States v. March*, 382 Fed. Appx. 76, 77, (2d Cir. 2010), the Second Circuit found no abuse of discretion when the district court rejected the defendant's claim that his former counsel's ineffective assistance invalidated his guilty plea because the defendant affirmed under oath the adequacy of his former counsel's representation, and stated he was satisfied and had sufficient time to discuss the charges and his decision to plead guilty.  *See also United States v. Gunn*, 419 Fed. Appx. 106, 109 (2d Cir. 2011) (same).

Similarly, in *United States v. Aine*, 386 Fed. Appx. 16, 2010 WL 2926030 (2d Cir. 2010), the defendant argued that his plea was not knowing and voluntary because, in part, the defendant lacked confidence in counsel and adequate time to make a plea decision. The Second Circuit examined in detail the plea colloquy between the defendant and the district court, and concluded that there was "no error, much less plain error, in the district court's conclusion that Aine's plea was knowing and voluntary. While Aine contends that he 'had little choice' but to plead guilty ... this assertion is contradicted by his sworn allocution that his plea was voluntary and not motivated by any improper influence." *Id.* at *20-21. *See also United States v. Deacon*, 413 Fed. Appx. 347, 2011 WL 802399 (2d Cir. 2011).

Here, as in *March* and *Aine*, the defendant's assertions in his motion to withdraw his guilty plea directly contradict his statements made under oath at the change of plea hearing. Therefore, as a matter of law, the defendant has no valid grounds for his motion to withdraw his guilty plea, and the defendant's motion should be denied.

II.    **The Defendant's Failure to Request a Withdrawal of his Guilty Plea until Approximately 14 Months After His Guilty Plea Weighs Heavily Against Him.**

The timing of the defendant's motion seriously undermines his claim that his guilty plea was made involuntarily and that he had ineffective assistance of counsel. As already stated, the defendant pleaded guilty on February 4, 2015. He did not send his letter to the Court (Dkt. 74) until April 8, 2016, and ultimately filed his motion to withdraw his plea on March 8, 2017 (Dkt. 88).

In *United States v. Harris*, 160 F.2d 507, 509 (2d Cir. 1947), the Second Circuit held that it was not an abuse of discretion on the part of the district court to deny defendants' motion to withdraw pleas of guilty where almost five months has elapsed from time of guilty pleas, and there was no outright claim of innocence.  *See also United States v Piris*, 599 F.Supp.2d 205, 215-16 (D. Conn 2009) (denying the defendant's motion to withdraw his plea, in part, because he waited five months to file his motion); *Gonzalez*, 970 F.2d at 1100 (the defendant's "assertion of his innocence is undercut by its timing, coming nearly seven months after the plea."); *United States v. Mendez*, 1996 WL 665637, *7 (S.D.N.Y. Nov. 15, 1996) (55-day delay "severely weakens" the defendant's position on his motion to withdraw guilty plea).

Here, defendant waited nearly *14 months* to write a letter to the Court, and his motion was filed *over two years* following the change of plea hearing. In view of these circumstances, and the strong societal interest in the finality of guilty pleas, the defendant's motion to withdraw his guilty plea should once again be denied.

### III.    The Defendant has Not Asserted Innocence.

Conspicuously absent from the defendant's motion to withdraw his guilty plea is any assertion that he is not guilty. *See* Dkt. 88.

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's motion to withdraw his guilty plea.

DATED:   Buffalo, New York, March 20, 2017.

                                              JAMES P. KENNEDY, JR.
                                              Acting United States Attorney

BY:   s/SCOTT S. ALLEN, JR.
        Assistant United States Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        (716) 843-5700 ext. 869
        Scott.allen@usdoj.gov