UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                       Plaintiff,

       v.

RYAN C. LANDER,

                       Defendant.

**DECISION AND ORDER**
13-CR-151-A

---

The Defendant, Ryan C. Lander, has moved pursuant to Fed. R. Crim. P. 11(d) to withdraw a guilty plea. Defendant Lander contends he was coerced by his former legal counsel and his father into pleading guilty to one count of Production of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The Defendant seeks to withdraw his guilty plea and to file pretrial motions to suppress oral admissions and evidence that he suggests were obtained because law enforcement officers questioned him without *Miranda*[1] warnings and coerced him into consenting to searches and seizures. For the reasons stated below, the Court finds the motion of the Defendant to withdraw his guilty plea is without merit, and the motion is denied.

## DISCUSSION

**Overview of Relevant Law.** As the Second Circuit has stated, "[t]here is no legal requirement that the decision to plead guilty be an easy one." *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008). "A guilty plea is no mere formality, but [is] a

---

[1] *Miranda* warnings are required to be given by law enforcement officers to ensure that persons subjected to custodial interrogation are aware of their Fifth Amendment rights against self-incrimination. *See Miranda v. Arizona*, 384 U.S. 436, 487-79 (1966).

'grave and solemn act.' " *United States v. Arteca*, 411 F.3d 315, 319 (2d Cir. 2005) (quoting *United States v. Hyde*, 520 U.S. 670, 677 (1997)). " '[S]ociety has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice.' " *United States v. Schmidt*, 373 F.3d 100, 103 (2d Cir. 2004) (quoting *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997)).

Notwithstanding the strong interest in the finality of guilty pleas, it bears emphasis that a "guilty plea operates as a waiver of important rights, and is valid only if done voluntarily, knowingly, and intelligently, 'with sufficient awareness of the relevant circumstances and likely consequences.' " *Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). Accordingly, pursuant to Fed. R. Crim. P. Rule 11(d), a defendant may be permitted to withdraw a guilty plea after the plea has been formally accepted by a court, but before sentencing, for "any fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). A defendant bears the burden to establish a fair and just reason for guilty plea withdrawal. *United States v. Rivernider*, 828 F.3d 91, 104 (2d Cir. 2016) .

In general, a Rule 11(d) motion to withdraw a guilty plea requires the court to consider:

> (1) whether the defendant has asserted his or her legal innocence in the motion to withdraw the guilty plea; (2) the amount of time that has elapsed between the plea and the motion (the longer the elapsed time, the less likely withdrawal would be fair and just); and (3) whether the

government would be prejudiced by a withdrawal of the plea.

*United States v. Schmidt*, 373 F.3d 100, 102-03 (2d Cir. 2004) (per curiam). The court is afforded "large discretion" to determine whether these considerations rise to the level of "fair and just reason[s]" for withdrawal of a guilty plea when the court has itself accepted the guilty plea. *United States v. Saft*, 558 F.2d 1073, 1082 (2d Cir. 1977).

Of course, "[c]ourts may also look to whether the defendant has raised a significant question about the voluntariness of the original plea." *Schmidt*, 373 F.3d at 103 (quotation and modifications omitted). Questions of voluntariness may be deemed insignificant and resolved without an evidentiary hearing, and the motion to withdraw the guilty plea may be denied, when a defendant's allegations of involuntariness are contradicted by the defendant's statements made under oath during the plea proceeding. *See United States v. Gonzalez*, 970 F.2d 1095, 1101 (2d Cir. 1992); *United States v. Diaz*, 176 F.3d 52, 114 (2d Cir. 1999) (application to remand for evidentiary hearing denied where defendant's claim that he was threatened into pleading guilty was unsupported in record and contradicted by his plea colloquy); *United States v. Torres*, 129 F.3d 710, 715-16 (2d Cir. 1997) (same). Similarly, a Rule 11(d) motion to withdraw a guilty plea may be denied without a hearing when supporting allegations are "simply conclusory" or "inherently incredible." *Gonzalez*, 970 F.2d at 1100.

**The Change-of-Plea Proceeding.** During Defendant Lander's plea colloquy on February 4, 2015, the Defendant was sworn to tell the truth, and was instructed

3

and encouraged to proceed deliberately. Dkt. No. 75, pp. 2-3. The following exchange was among the Court, the Defendant's former attorney, and the Defendant:

THE COURT: Mr. Covert, you have gone over the charge with your client. It's pretty straightforward. Are you satisfied he understands it?

MR. COVERT: Yes, Your Honor.

THE COURT: And you've gone over the terms and conditions of the plea agreement?

MR. COVERT: Many times, Your Honor.

THE COURT: And his rights under Rule 11?

MR. COVERT: Absolutely, Your Honor.

THE COURT: Now, sir, you have discussed this whole matter with your attorney. He's explained to you what your legal rights are, what your legal options are. You probably didn't like to hear what he had to tell you, but he's not there to make you feel good. He's there to be your legal advisor. And apparently, based on those discussions, you're here today to waive certain rights and to plead guilty to Count 1 under the terms and conditions of the plea agreement. Are you fully satisfied with the advice and counsel you received from your lawyer?

DEFENDANT: Yes, Your Honor.

THE COURT: Any complaints?

DEFENDANT: No, sir.

Dkt. No. 75, pp. 3-4. Defendant Lander, while under oath during the relatively formal atmosphere of the Rule 11 change-of-plea proceeding, confirmed his satisfaction with his counsel, Mr. Covert. *Id.* He did not say Mr. Covert was pressuring him or coercing him to enter a guilty plea, or that Mr. Covert was in any way ineffective as

4

his counsel. *Id.*

The transcript of the Rule 11 change-of-plea proceeding shows that Defendant Lander, repeatedly and in a variety of ways, confirmed his understanding of the change-of-plea proceeding and of his agreement with the Plea Agreement. *See* Dkt. No. 75. The Court specifically addressed the last paragraph of the Defendant's Plea Agreement, which provides:

> I have read this agreement, which consists of 15 pages. I have had a full opportunity to discuss this agreement with my attorney, Barry N. Covert, Esq. I agree that it represents the total agreement between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

Dkt. No. 75, pp. 20-21; Dkt. No. 57, p. 15. The Defendant and his counsel signed the Plea Agreement. Dkt. No. 57, p. 15; Dkt. No. 75, pp. 2, 20.

The Rule 11 change-of-plea colloquy continued:

THE COURT: Now, sir, we've gone over the agreement in court. You indicated that you understand it. Your attorney says he's gone over it with you; he's satisfied that you understand it and you signed it, indicating you understand it. Any questions?

DEFENDANT: No, sir.

Dkt. No 75, pp. 19-21.

\*   \*   \*

THE COURT: Has anyone forced you to plead guilty?

DEFENDANT: No, sir.

5

| | |
|---|---|
| THE COURT: | Has anyone threatened you in any way? |
| DEFENDANT: | No, sir. |
| THE COURT: | Your willingness to plead guilty, you discussed it with your attorney, he discussed it with the government's attorney and based on those discussions, this plea agreement was prepared and that's how this all came about, true? |
| DEFENDANT: | Yes, sir. |

Dkt. No. 75, pp. 23-24. Defendant Lander did not say that he was entering his guilty plea against his free will, that he was being coerced, or that he needed to make motions to suppress his oral admissions and the incriminating physical evidence.

After directing further advice to Defendant Lander, and after addressing the Defendant one-to-one to help assess the Defendant's mental competency and understanding of the proceeding, the Court addressed the Defendant's pretrial and trial rights, including his right to plead not guilty, to persist in that plea, and his right to a jury trial during which he would be represented by counsel:

| | |
|---|---|
| THE COURT: | Any questions? |
| DEFENDANT: | No, sir. |
| THE COURT: | You're doing this voluntarily, of your own free will, no one's forcing you to do this? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | You understand all the possible consequences? |
| DEFENDANT: | Yes, sir. |

Dkt. 75, p. 26. Shortly thereafter, the Defendant entered a plea of guilty to Count 1 of the Indictment, *id.* at 27, and the Court found:

| | |
|---|---|
| THE COURT: | It is the finding of the Court the defendant is fully competent and capable of entering an informed plea. His plea of guilty is a knowing and voluntary plea supported by an independent basis of fact containing each essential element of the offense charged. |
| | The plea is therefore accepted. He is judged guilty of Count 1. |

*Id.*

**Allegations of Coercion.** On March 15, 2016, more thirteen months after Defendant Lander entered the guilty plea, but before sentence was imposed, the Defendant wrote to the Court *pro se*:

> It has been nearly a year since I signed the agreement. I haven't felt right about it since that day. Both Mr. Covert and my father, with whom I am very close, pressured me to sign by saying there was no other viable option since this was the Federal Government and my word would not be considered credible against that of the arresting officers. At the time of my arrest I was hospitable and cooperated fully even though I suspected the officer's conduct was unconstitutional.

Dkt. No. 74; Dkt No. 80, p. 4, ¶ 3.

On March 8, 2017, after Defendant Lander had been assigned new legal counsel because of the actual conflict of interest under which Mr. Covert was operating since the Defendant had accused, and persisted in accusing, Mr. Covert of coercion, the Defendant moved pursuant to Fed. R. Civ. P. 11(d) to withdraw his guilty plea[2]. The Defendant's supporting affidavit states:

---

[2] Due to an untimely death of an attorney, and due to attorney conflicts of interest, Defendant Lander's current legal counsel is the fourth the Court assigned or attempted to assign since Mr. Covert was relieved because of the actual conflict of interest arising from the Defendant's accusations of coercion. Part of the two-year gap between entry of the guilty plea and the filing of the Rule 11(d) motion to withdraw on behalf of the Defendant is attributable to delays associated with the change of counsel.

> [The Defendant] had numerous discussions with his attorney during the course of which he was told that there was no option other than to plead guilty because there was no viable defense to the charges. He was further told that if he did not plead guilty, he was likely facing significantly more jail time.
>
> * * *
>
> During the course of the plea colloquy, I answered the questions put to me by the Court because of the coercion I felt from my attorney and father.

Dkt. No. 88, pp. 3-4. The Defendant states, although he repeatedly testified, under oath, that he was pleading guilty of his own free will, and repeatedly denied he was being forced or threatened to plead guilty, that he was, in fact, being coerced. But the Defendant has submitted no evidence to corroborate his assertion that coercion by Mr. Covert and by his father caused him to enter his guilty plea.

**The Defendant Was Not Coerced.** At the time he entered his guilty plea on February 4, 2015, Defendant Lander was 37 years of age. He has an Associates Degree qualifying him as a computer and electronic systems technician, and he had been employed as an industrial technician for well over ten years. The Defendant appeared to the Court to be "obviously . . . very intelligent," "alert, focused, attentive" and to "clearly understand everything [the Court] was saying and everything . . . [that was] going on . . . ." Dkt. No. 75, p. 23. Immediately after the Court asked the Defendant's counsel to confirm the Court's impressions of the Defendant during the Rule 11 change-of-plea proceeding, which Mr. Covert did, the Defendant testified that no one had forced or threatened him to plead guilty. The Defendant unequivocally testified he was pleading guilty of his own free will.

Defendant Lander's testimony under oath before the Court during the change-of-plea proceeding carries a strong presumption of accuracy, and the Court will not, absent a substantial showing, discredit that testimony. *See Blackledge v. Allison*, 431 U.S. 63, 74, (1977); *United States v. Maher*, 108 F.3d 1513, 1529 (2d Cir. 1997); *United States v. Gonzalez*, 970 F.2d 1095, 1100-01 (2d Cir. 1992). The Defendant makes no credible showing that he was coerced.

Thirteen months after Defendant Lander entered his guilty plea, he first expressed to the Court in his *pro se* letter that he had felt pressured to sign the Plea Agreement. Dkt. No. 74. His letter said that he was "hospitable [to investigating law enforcement officers] and cooperated fully even though [he] suspected [their] conduct was unconstitutional." *Id.* This is little more than the Defendant's expression of regret for a tactical decision to be "hospitable" and for having "cooperated fully" with the investigating officers. The delay in raising the issue tends to show that the Defendant was not coerced.

Defendant Lander clearly admitted during his plea colloquy that he is guilty of Production of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) as alleged in the Indictment. Dkt. No. 75. He has not claimed he is innocent in either his March 15, 2016 *pro se* letter to the Court, or in his March 8, 2017 motion pursuant to Fed. R. Crim. P. 11(d) to withdraw his guilty plea. The Defendant's glaring failure to discredit his admission of guilt tends to show the Defendant entered his guilty plea because he is guilty.

Defendant Lander's affidavit allegations in support of his Rule 11(d) motion to

withdraw his guilty plea are conclusory; therefore, the Court need not obtain either affidavits or testimony from Mr. Covert or the Defendant's father. A "defense counsel's blunt rendering of an honest but negative assessment of [a defendant's] chances at trial, combined with advice to enter the plea" does not "constitute improper behavior or coercion that would suffice to invalidate a plea." *United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001). Based upon the record before the Court, that is all that happened in this case.

> The Second Circuit observed in *Juncal*:
>
>> It is . . . commonplace that a defendant will feel "coerced" in the lay sense of the word by an attorney's recommendation to plead guilty rather than proceed to trial. Such recommendations often come with predictions of almost inevitable conviction at trial followed by a long jail sentence. A feeling of duress is hardly an unusual outcome of such deliberations.

245 F.3d at 174. These "feeling[s] of duress" also hardly amount to actual coercion. Defendant Lander establishes nothing more than that he regrets pleading guilty.

Under the Sentencing Guidelines, the Plea Agreement that Defendant Lander freely entered into, if it is ultimately accepted by the Court, could result in the Defendant facing an advisory range of imprisonment that is approximately seven years less than the range that the Defendant would have faced if convicted after a trial. Such a substantial potential benefit to a defendant could never excuse coercion of a guilty plea. But legal counsel and family members may well be bound by duty and profound concern for a defendant's long-term well-being to pressure a defendant to accept such a relatively favorable plea offer.

This Court would certainly view Defendant Lander's Rule 11(d) motion to withdraw his February 5, 2015 guilty plea differently if the Defendant had any colorable evidence that his March 7, 2013 admissions to law enforcement agents were obtained in violation of his *Miranda* rights, or that any important item of evidence against him was seized through law enforcement coercion or in violation of his Fourth Amendment rights against unreasonable searches and seizures. The Defendant has been represented by highly-experienced, able counsel throughout this case, and although the Defendant expressed in his *pro se* letter that he "suspected . . . [law enforcement] officer[s'] conduct was unconstitutional," Dkt. No. 74, these suspicions, unsupported by any corroborating evidence, are insufficient to carry the Defendant's burden to establish a fair and just reason to withdraw his guilty plea.

## CONCLUSION

For the reasons stated above, the motion of the Defendant, Ryan C. Lander, pursuant to Fed. R. Crim. P. 11(d) to withdraw his guilty plea is denied. Sentencing will be June 16, 2017 at 1:30 p.m. A schedule for updated sentencing submissions will be entered by Text Order.

**IT IS SO ORDERED.**

*Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated: May 11, 2017