IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                NOTICE OF MOTION

                                Docket No. 13-CR-00151

VS

Ryan C. Lander

        Defendant

---

        PLEASE TAKE NOTICE, that upon the annexed affirmation of Patrick J. Brown, Esq. sworn to on the    day of June, 2017, the undersigned respectfully moves this Court for an Order permitting reconsideration of this Court's Decision and Order which denied the Defendant's Motion to Set Aside his plea of guilty. (DKT#94).

Dated: Buffalo, New York
       June 21 , 2017

                                  S/ Patrick J. Brown

                                  Patrick J. Brown, Esq.
                                  Attorney for Ryan Lander
                                  Office and Post Office Address
                                  147 Linwood Avenue
                                  Buffalo, New York   14209
                                  (716) 854-1446

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                        Docket No. 13-CR-00151

VS                                                           DECLARATION

Ryan C. Lander

---

      The undersigned attorney duly admitted to practice before this Court affirms the following under penalty of perjury:

      1. The undersigned is the attorney for the Defendant, Ryan C. Lander in the above action.

      2. The Defendant acknowledges that there is no express criminal procedure provision for a reconsideration motion. That, notwithstanding, courts in this Circuit have applied the applicable civil standard of such motions in criminal cases. *United States v. Gundy,* No. 13 Crim. 8 (JPO), 2013 WL 4838845 *1 (SDNY Sept. 11, 2013); *United States v. Briggs,* No. 10 CR 184 S, 2012 WL 5449688, *2 (W.D.N.Y. Nov. 7, 2012).

      3. One of the justifications for reconsideration is the need to prevent

2

manifest injustice. *Virgin Atl. Airways, Ltd. V. Nat'l Mediation Board,* 956 F. 2d 1245, 1255 (2d Cir. 1992) *cert* denied, 506 U.S. 820 (1992).

4. The Defendant respectfully relies upon and incorporates by reference, the matters set forth in his affidavit supporting the motion to set aside his guilty plea (DKT#88).

5. The Defendant maintains that he was not made aware of the contents of the pretrial motion prepared, but not filed by erstwhile counsel until April 14, 2016, more than two years following the entry of his guilty plea. The Defendant further maintains that erstwhile counsel failed to divulge requested details concerning the evidence against him and further maintains that this evidence is highly relevant because a lengthy preliminary investigation at his residence revealed no incriminating evidence on any of his computer equipment.

6. The Defendant further maintains that erstwhile counsel admitted that he had coerced the Defendant into pleading guilty and had enlisted his father in this effort.

7. In addition, the Defendant maintains there were many discussions between he and erstwhile counsel about moving to withdraw his guilty plea and requesting new counsel.

8. The Defendant maintains that a letter he wrote to the Court, dated March 15, 2016 (DKT# 74) was originally written on December 30, 2015, but held back due to pressure he received from erstwhile counsel and his father.

9. This Court then permitted the withdrawal of Defendant's erstwhile counsel when it granted his motion based upon a conflict which had arisen between the Defendant and erstwhile counsel. (DKT# 80).

10. It is the Defendant's positon that erstwhile counsel's representation fell below an objective standard of reasonableness and that he only agreed to plead guilty, having been advised to do so by counsel operating under a conflict of interest.

11. The Defendant further maintains that but for acquiescing to advice from ineffective counsel, his pretrial motions would have been argued and the case set down for trial where he would employ a plausible defense strategy.

12. For these reasons, it is respectfully requested the Court reconsider Its Decision and Order on this motion and vacate the Defendant's plea of guilty.

Dated: Buffalo, New York
June 21, 2017             S/ Patrick J. Brown
                          _____
                                              Patrick J. Brown

4