IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

Docket No. 13-CR-00151

VS

Ryan C. Lander

STATE OF OHIO

Ryan C. Lander being duly sworn, deposes and says:

1. The undersigned is the Defendant in the above entitled action and makes this affidavit in support of the motion to withdraw his guilty plea, pursuant to Fed. R. Crim. P.11(d)(2)(B) on the grounds that he can show a fair and just reason for requesting the withdrawal of his plea.

2. Your deponent is charged in an indictment with two violations of Title 18, USC Section 2251(a) [production of child pornography], and one violation of Title 18, USC Section 2252A(a)(5)(b) [posession of child pornography]. (DKT #15).

3. On February 4, 2015, your deponent entered into a written plea agreement pursuant to which he agreed to plead guilty to Count One of the indictment, charging production of child pornography. (DKT #57).

4. The Court accepted your deponent's guilty plea on February 4, 2015 as appears more fully from the transcript of the plea proceedings. (DKT #75).

5. Your deponent recognizes that the proponent of a motion to set aside a plea carries a heavy burden. However, in this case, your deponent respectfully submits that he satisfies that burden, based on the following facts :

6. Your deponent maintains he is not guilty of the charges listed above, and submits that his previous counsel (Barry Covert) was made aware of this claim many times.

7. Your deponent also maintains his previous counsel did not provide assistance for his defense, but only pursued the course of a plea agreement, despite repeated requests to pursue a plausable defense. The docket sheet in this case reflects a number of adjourned plea dates. These were occasioned due to the growing conflict between your deponent and his former counsel on this issue.

8. Your deponent submits his previous counsel witheld the entire omnibus motion filed with this Court on March 11, 2014. He was told there would be no plea arrangements if the motion was argued. Said omnibus motion clearly lays out constitutional violations against your deponent, and paves the way for a viable defense against said charges.

9. Your deponent was not made aware of the omnibus motion's contents until April 14, 2016, a full 2 years plus 2 months AFTER accepting the plea agreement. Said omnibus motion was e-mailed to your deponent's father (Charles W. Lander) for unknown reasons, as neither your deponent, nor his father requested the documents, or were aware of their contents.

10. Your deponent submits that his previous counsel witheld the motion's contents, and maintained the plea was the only option. However, once the details of the motion were revealed, it became clear that said counsel purposfully witheld the information in order to pursue the plea.

11. Your deponent's previous counsel failed to divulge requested details about the alleged evidence being used against him, despite several trips by his counsel to procure said information. This information is highly relevant since the lengthy preliminary investigation at your deponent's residence revealed NO incriminating evidence on any of his equipment.

12. Your deponent submits that, after the plea agreement, his previous counsel admitted to his father, and subsequently to himself, that coercion was used in securing said plea agreement.

13. Your deponent also submits that when he asked his previous counsel, shortly after accepting the plea agreement, about retracting his guilty plea, said counsel maintained there was no other option, and used your deponent's father to further press this opinion.

14. After many months of discussions with his previous counsel about retracting the plea agreement and requesting new counsel, your deponent was finally told by said counsel to "address the court directly". The docket sheet reflects this delay with several more adjournments.

15. Your deponent then wrote the first of two letters to the Court, reflecting his wish to withdraw the plea agreement, and request new counsel. Said letter was dated March 15, 2016. (DKT #74). The letter was originally dated December 30, 2015, and was held back by your deponent, due to his previous counsel's conflicting interests manifesting pressure from his father, to not send it.

16. On July 19, 2016, your deponent's previous counsel asserted there was a conflict of interest. This Court, agreeing with that assertion, removed said counsel from the case at bar, establishing there

was, in fact, a conflict of interest. New counsel was appointed.

17. Based on the above mentioned facts, your deponent submits that his previous counsel's representation "fell below an objective standard of reasonableness", and at the least, the plea was agreed to under a conflict of interest.

18. Much of the above was previously revealed in your deponent's second letter to the Court, dated July 6, 2016, which, for unexplainable reasons, is not part of the Court's record. (copy attached).

19. Your deponent further believes that, if argued, the pretrial motions would have resulted in the suppression of evidence, as a result of the constitutional violations set forth in the motion. He also maintaines that a lack of chain of custody of his seized equipment, a lack of proper warnings pursuant to the rule in *Miranda v. Arizona*, 384 U.S. 436 prior to being questioned, and coercion used to secure the 'consent to search' form would also result in suppression.

20. Finally, your deponent maintains that, except for ineffective assistance of counsel, and the conflict of interests that existed, he would have insisted that the omnibus motion be submited and argued, and that trial be pursued, as he has a plausable defense strategy.

21. For these reasons, it is respectfully requested that my guilty plea be vacated and set aside.

_____
                                    Ryan C. Lander

Sworn to me this

_13_ Day of June, 2017

_____
Notary Public

State of Ohio
Mahoning County
Commission Expires: 3/4/2020

(Attachment - 2nd letter to Court)

July 6, 2016

Hon. Richard J. Arcara
U.S. District Court
2 Niagra Square
Buffalo, NY  14202

RE: U.S. -vs- Ryan Lander  #13MJ552 (13CL 151)

Dear Judge Arcara,

I am writing to you today in preparation for the oral arguments on Tuesday, July 19, 2016 at 9am, and to bring to your attention information you may not have previously been aware of. As you will recall, I sent you a letter dated March 15, 2016, wherein I brought up concerns I have with my attorney, Mr. Covert, and the plea agreement. The letter was fairly brief as I was led to believe there would be a hearing where the full details would manifest themselves. This did not happen. I would like uoi to be fully aware of my thoughts on these matters directly, and not "filtered" through others.

My desire to have a new attorney appointed and to retract the plea go hand in hand. I wish to pull the plea due to the ineffective assistance of counsel Mr. Covert has provided me with. I wish to request a new attorney be appointed for the same reason. This is not because I dislike Mr. Covert, or what he has told me, but because he has failed to represent my wishes. He has provided me no defense, even though I assert my innocence to the charges. My constitutional rights were also clearly violated numerous times durring the investigation. He gave me no other option except for the plea deal, (a Hobson's Choice) and when I objected (many times) to the deal, he refused to consider my trial options, and would adjourn my next court date until I acquiesced to his pressure to sign the plea deal. Mr. Covert threatened me with a retaliatory high sentence under his predisposed assumption of my guilt, in order to compel me to sign the agreement. Mr. Covert witheld vital information and documents from me that certainly would have influenced my decision to sign the plea. He witheld the entire omnibus motion form me until months after I signed the plea, and he witheld specific details about the alleged "evidence" that he specifically went to obtain for me. Mr. Covert has also refused to amend the motion to withdraw my plea to include his witholding the afforementioned information, and I had to reword other parts of it in pen as a last resort. I believe this more than fulfills the Federal Rule 11 criteria, as well as give ample cause to believe Mr. Covert is ineffective in representing me.

I would also like to bring to your attention that the transcript from the plea hearing February 4th, 2015 is incomplete. The oath and my response are missing from the transcript. I brought this to Mr. Covert's attention, and he sent a short note to the clerk asking for her to advise. As of the writing of this letter, I have had no answer to my request to fix the transcript, or send me an ammended page. Mr. Covert also requested the transcript from the status hearing on April 8th, 2016 in late May. As of this letter, I do not have this transcript either. I also acknowledge your denial of the transcript from June 16th, 2016.

In closing, let me reiterate several points from my previous letter to you. In the United States, there is the presumption of innocence until proven guilty in a court of law. I have not been afforded this treatment by neither the prosecutor or my own attorney, Mr. Covert. I have also been denied constitutional rights over the course of the case, specifically my 4th Amendmant right to no illegal search and seizure, and my 5th Amendmant rights against self-incrimination, and to not be deprived of life, liberty, or property without due process. I do not believe it to be lawful to be compelled to give up any of the rights afforded by the Constitution.

Thank you for taking the time to read my concerns, and I hope this letter better clarifys my position and my reasons to humbly request a new attorney and to withdraw my guilty plea.

Sincerely,

Ryan Lander

(NOTE: This copy is transcribed by myself, from the original hand-written letter sent to the Court)

6/13/17 R.C.L,