IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                            Docket No. 13-CR-00151

VS

Ryan C. Lander

        Defendant

---

## DEFENDANT'S MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

The Defendant moved the Court for an order permitting him to withdraw his previously entered plea of guilty, principally, on the grounds that he was forced to plead guilty by the actions of his former attorney and his father. (DKT#88).

That motion was denied by the Court in a Decision and Order filed on May 11, 2017 (DKT#94).

Thereafter, the Defendant filed a motion seeking reconsideration. (DKT#100).

The Court, in a text order, directed the Defendant to file a Memorandum addressing the following issues:

1

1. Whether there was a potential and an actual conflict between Defendant's erstwhile counsel's personal views and his duties to provide competent, diligent and effective representation to the Defendant;

2. Whether the Defendant is required to show prejudice resulting from any such conflict of interest in order to establish that he should be permitted to withdraw his plea of guilty;

3. Whether any prejudice occurred as a result of the decision of the Defendant not to file pretrial motions before entering his plea of guilty. (DKT# 103).

This Memorandum is filed in response to the Court's text order.

## STATEMENT OF THE LAW

The issue of ineffective assistance of counsel is governed by the holding of the Supreme Court in the seminal case of *Strickland v. Washington,* 466 U.S. 668 (1984). In *Strickland,* the court made it clear that in order to establish an ineffective assistance of counsel, it must be demonstrated that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687.

An actual , as opposed to a potential conflict of interest exists when the

attorney's and the defendant's interest "diverge with respect to a material, factual or legal issue or to a course of action." *Winkler v. Keane,* 7 F. 3d 304, 307 (2d Cir. 1993) quoting *Cuiler v. Sullivan*, 446 U.S.355, 356 n. 3, 100 S.Ct. 1708 (1980).

In order for a Defendant to prevail on a claim of a potential conflict of interest, it is necessary to prove that the conflict resulted in a violation of the Sixth Amendment right to effective assistance of counsel and also demonstrate prejudice. *Winkler,* 7 F.3d at 307.

In order to establish prejudice, a defendant must identify specific instances in the record where the attorney could have and would have done something different if there was no conflict. *United States v. Roth,* 860 F. 2d 1382, 1389 (7th Cir. 1988).

The purely subjective beliefs of defense counsel do not constitute an actual conflict of interest. *Tueros v. Greiner,* 343 F. 3d 587 (2d Cir. 2009).

## ARGUMENT

1. **Responses to Text Order (DKT#103)**

    a. **Whether there was a potential and an actual conflict of interest.**

    The Defendant maintains that his former counsel's personal views

as communicated to him, are the reason that the pretrial motion prepared by counsel and filed on March 11, 2014 (DKT# 31) was not argued to the Court, but instead, the Defendant was pressured into entering a plea of guilty.

It is the position of the Defendant that the failure to argue the pretrial motions demonstrates that the interests of the Defendant's former counsel diverged from the interests of the Defendant with respect to a material legal issue and course of action and that under the rules set forth in *Cuiler v. Sullivan* an actual conflict of interest existed.

### b. The Defendant is not required to demonstrate prejudice.

As set forth above, in cases of actual prejudice, a Defendant is not required to demonstrate the existence of prejudice. *Cuiler* 446 U.S. at 356 n.3.

Moreover, even if this Court were to determine that there was no actual conflict of interest, but, instead, a potential conflict of interest, the Defendant must still prevail because the failure to argue pretrial motions and instead compelling the Defendant to enter a guilty plea establishes a violation of the Defendant's Sixth Amendment right to effective assistance of counsel. The Defendant is prejudiced in that if the guilty plea is left in place his right to a trial has been forfeited.

### c. The occurrence of prejudice.

The failure to argue the pretrial motions occurred at the same time the Defendant was told that he should plead guilty and had no viable alternative to doing so. Had the pretrial motions been argued, even if they did not result in relief, the Defendant's right to a jury trial would have remained unimpaired. As it was, the pretrial motions were not argued and, at the same time, the Defendant was pressured into entering a guilty plea which foreclosed a trial. The failure to argue the pretrial motions is inextricably linked to the Defendant being pressured into pleading guilty. As set forth above, the prejudice suffered by the Defendant was the denial of his Sixth Amendment right to a trial.

## 2. Attorney-Client Privilege Waiver Issue

The Court in a text order finds that the Defendant has waived his attorney-client privilege on the subject of erstwhile counsel's personal opinions or feelings about the nature of the Defendant's offense conduct and about the Defendant. (DKT# 102).

The Defendant recognizes that in *habeas corpus* cases, the law appears to be well settled that an ineffective assistance of counsel claim waives the attorney-client privilege but that such waiver is narrow and limited to the extent necessary

5

to defend against such a claim. *Lambright v. Ryan,* 698 F. 3d 808, 813 (9th Cir.2012).

The attorney-client privilege is one belonging to the Client. *United States v. Bilzerian,* 926 F. 2d 1285, 1292 (2d Cir. 1991).

When a *habeas* petitioner raises a claim of ineffective assistance of counsel, he puts communications between himself and his attorney directly in issue and thus, by implication, waives the attorney-client privilege with respect to those communications. *United States v. Marks,* 764 F. Supp. 2d 585, 586 (W.D.N.Y. 2011) (citing *United States v. Pinson,* 584 F. 3d 972 (10th Cir. 2009)).

In the case at bar, the Defendant is in a position analogous to a *habeas* petitioner in that he has raised the issue of ineffective assistance of counsel in the context of entering a plea of guilty under coercive circumstances. The Defendant recognizes that having raised this claim, he is impliedly waiving the attorney-client privilege but only insofar as discussions with erstwhile counsel concerning the entry of his guilty plea.

Given the sensitive nature of the background facts in this case, it is requested that if required to testify, erstwhile counsel be ordered to make an offer of proof with the transcript to be sealed so that the extent of the attorney-client privilege waiver can be determined prior to testimony becoming part of

the record.  In this way, the Court can rule in advance on the extent to which an attorney-client privilege waiver exists without risking the disclosure on the record, of confidential communications that are not subject to the waiver.

Dated:  Buffalo, New York
        June 28, 2017

                                      S/ Patrick J. Brown
                                      _____

                                      Patrick J. Brown, Esq.
                                      Attorney for Ryan Lander
                                      Office and Post Office Address
                                      147 Linwood Avenue
                                      Buffalo, New York   14209
                                      (716) 854-1446