IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

Docket No. 13-CR-00151

VS

Ryan C. Lander

        Defendant

---

## DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO TEXT ORDER (DKT#110)

### PRELIMINARY STATEMENT

The Court, in a text order dated July 27, 2017, among other things, directed the Defendant, to file a Memorandum of Law that describes fully the scope of the Defendant's waivers of the attorney-client privilege, as the result of the information contained in the Defendant's motion to set aside his guilty plea. (DKT#88).

In addition, the Defendant is required to specifically address why he has not waived the attorney-client privilege as to all information directly related to his communications with Barry N. Covert, Esq., consistent with N.Y. Rules of Professional Conduct 1.6(b)(5) and 1.6 (b)(6) in relation to (a) the disposition of the indictment by guilty plea, (b) pretrial motions to suppress, (c) the

1

offense, conduct as well as Mr. Covert's personal opinions of the Defendant as well as other matters directly related to the Defendant's allegations that, at some point in time, Mr. Covert began to labor under an actual conflict of interest. The Defendant is also directed to address the issue of whether his withdrawal of the claim of actual innocence has any effect to restore the waived attorney-client privilege concerning issues with respect to which the claim of actual innocence previously effected a waiver.

## STATEMENT OF THE LAW

The attorney-client privilege is "the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389, 101 S.Ct. 677, 682 (1981). The privilege belongs to the client. *United States v. Bilzerian,* 926 F.2d 1285m 1292 (2d Cir. 1991). In some circumstances, a defendant can impliedly waive the protection of the attorney-client privilege. See, *United States v. Pinson,* 584 F. 3d 972(10th Cir. 2009). There, the court made it clear that the waiver extends to the attorney's advice on the same subject matter as that which is in controversy. The Second Circuit follows a similar rule. In *Chang v. United States,* 250 F. 3d 79, 84-86 (2d Cir. 2001), a *habeas corpus* case, trial counsel submitted a detailed affidavit concerning his conversations with the defendant limited to the issue of whether he should

testify at trial. The defendant, in Chang, was claiming ineffective assistance of counsel.

Given the importance of the attorney-client privilege and the role which it plays in American jurisprudence, it is critical that an implied waiver of the attorney-client privilege should only extend to the information needed to defend against a specific claim made by a defendant. *Reidy v. United States,* 14-CV-1013 S, 13-CR-725(WDNY 1/6/2017) (Citing *In re Erie County,* 546 F3d 222, 228 ( 2d Cir. 2008).

In the case at bar, it is most important that any implied waiver of the attorney-client privilege be narrowly construed. The issue before the Court is limited to the voluntariness of the Defendant's guilty plea. His generalized complaints or disagreements with prior counsel are not the issue before the Court and do not support a general waiver of all attorney-client communications between the Defendant and erstwhile counsel.

The Court directed that the Defendant specifically address the impact of New York Rules of Professional Conduct 1.6(b)(5) as well as 1.6(b)(6).

Under Rule 1.6(b)(5), a lawyer is permitted to reveal confidential Information obtained from a client to the extent the lawyer reasonably

testify at trial. The defendant, in Chang, claiming ineffective assistance of counsel.

Given the importance of the attorney-client privilege and the role which it plays in American jurisprudence, it is critical that an implied waiver of the attorney-client privilege should only extend to the information needed to defend against a specific claim made by a defendant. *Reidy v. United States,* 14-CV-1013 S, 13-CR-725(WDNY 1/6/2017) (Citing *In re Erie County,* 546 F3d 222, 228 ( 2d Cir. 2008).

In the case at bar, it is most important that any implied waiver of the attorney-client privilege be narrowly construed. The issue before the Court is limited to the voluntariness of the Defendant's guilty plea. His generalized complaints or disagreements with prior counsel are not the issue before the Court and do not support a general waiver of all attorney-client communications between the Defendant and erstwhile counsel.

The Court directed that the Defendant specifically address the impact of New York Rules of Professional Conduct 1.6(b)(5) as well as 1.6(b)(6).

Under Rule 1.6(b)(5), a lawyer is permitted to reveal confidential Information obtained from a client to the extent the lawyer reasonably

believes doing so is necessary to defend against an accusation of wrongful conduct. Rule 1.6(b)(6) permits a lawyer to reveal confidential information obtained from a client when, among other things, the lawyer is required to do so in order to comply with a court order.

In the instant proceeding, the Defendant claims that his former lawyer pressured him into entering a guilty plea. It is not clear from the developed record whether the claimed pressure exerted by prior counsel constitutes wrongful conduct under the disciplinary rules. An attorney who feels strongly about a course of action that a client should take may consciously, or not, exert pressure on the client to follow the attorney's advice. Merely because a client feels pressure, does not necessarily mean that the attorney has engaged in wrongful conduct. It is commonplace for an attorney to marshal arguments in favor of a recommended course of action. Indeed, one can easily imagine a situation where a lawyer would be criticized for not advocating a particular course of action to a client, but instead, simply acting in a neutral manner and not advocating for a course of action. On the record presently before the Court, it cannot be said that former counsel is alleged to have engaged in wrongful conduct and, accordingly, the disciplinary rules do not provide a meaningful guide with respect to the determination of the scope of any implied waiver of the

attorney-client privilege.

## DOCKET ITEMS 74, 88, 100, 104 AND 105

**Docket item 74**

Docket item 74 is a letter from the Defendant to the Court, dated March 18, 2016. In it, the Defendant principally states that his former attorney and his father pressured him into signing the Plea Agreement by saying there was no viable alternative and that his word would not be considered credible against those of the arresting officers. It is submitted that any implied waiver of the attorney-client privilege with respect to this information, should be limited so that prior counsel can certainly explain what it is he said to the Defendant without need to repeat what it is the Defendant said to him.

The Defendant, in this letter, makes the further statement that he did not see the allegedly incriminating evidence nor as of the date of the letter, had he seen the Pre-Sentence Investigation Report. Again, any implied waiver of the attorney-client privilege with regard to these statements made by the Defendant, can be answered by former counsel without the need to disclose anything that

5

the Defendant said on this topic.

Stated otherwise, the Defendant has made his allegations in the letter to the Court. (DKT#74). What is not known, is what his former counsel said which is responsive to these allegations at the time he was in contact with the Defendant. Defense counsel can set forth what it is he said to the Defendant on these topics without there being any need for the disclosure of the Defendant's side of the conversation.

**Docket Item 88**

The Defendant's motion to set aside his guilty plea is supported by his Affidavit. (DKT#88). In the affidavit, the Defendant, much like he did in his letter to the Court, states that he felt he was coerced into pleading guilty by the actions of his former attorney and his father. He specifically alleges that he was told there was no option, other than to plead guilty, because there was no viable defense to the charges and that if he did not plead guilty, he was likely facing significantly more jail time. (DKT#88 at ¶7). He further alleges that he was not provided with a copy of the omnibus pretrial motion prepared by former counsel and that if he had seen it, he would not have entered the guilty plea but instead would have asked that the motion be argued. Also

contained in the Defendant's affidavit is the allegation that he had requested his former attorney to view the images claimed by the government to constitute child pornography and that he did not receive satisfactory responses from his attorney regarding this topic. Finally, the Defendant alleges that he believes suppression would have resulted had the pretrial motions been argued.

The Defendant's allegations set forth in his affidavit are discreet in nature. To the extent that these allegations result in the implied waiver of the attorney-client privilege, the scope of that waiver is defined by the nature of the allegations. There is no need for the disclosure of any communications made by the Defendant to his former attorney inasmuch as he has set forth in his affidavit, what it is he believes supports the motion to withdraw his plea of guilty. His former counsel can respond to these allegations by stating what it is he said in response to the Defendant without need for the disclosure of communications to him from the Defendant.

**Docket Item 100**

The defense filed a motion for reconsideration in which the Defendant principally claims that his former attorney should have argued the pretrial motion which was filed on March 11, 2014 (DKT#31).

The record establishes that the pretrial motions were never argued. The only unknown is why they were not argued. This is another situation where the Defendant's former attorney can explain his reasons why the pretrial motions were not argued without the need to divulge client confidences. If, for example, the motions were not argued because the government indicated it would withdraw the plea offer if the motions went forward or some similar rationale, this can be explained by the Defendant's former counsel without the need to discuss what it is, if anything, the Defendant said to him concerning this topic.

The Defendant's affidavit also contains an allegation that he engaged in a number of discussions with former counsel as well as his father, concerning the topic of withdrawing his guilty plea. If the Defendant's former counsel addresses this issue, it can be done in a manner which does not require the disclosure of any incriminating information which the Defendant may have discussed. Defense counsel, for example, might indicate that based upon information he received from the Defendant, he felt it was in the Defendant's best interest to pursue a guilty plea. There is no need to disclose what, in particular, such incriminating evidence might be. Such a response would be in accord with the authorities set forth above. (See, *Reidy v. United States,* 14-CV-1013 S, 13-CR-725 (WDNY 1/6/2017).

## Docket Item 104

In response to text order 103, the Defendant filed an affidavit with the Court on June 26, 2017. (DKT#104). In that affidavit, the Defendant raises the same issues set forth in his previous filings and states, as well, that he believes his former attorney labored under a conflict of interest. The Defendant describes the conflict of interest as rising from his desire that the pretrial motions be argued and the case proceed to trial and his attorney's desire that the case be resolved with a plea of guilty.

This docket item presents another situation where erstwhile counsel can explain his side of the discussions with the Defendant without the need to disclose client confidences. To the extent that it is necessary to provide justification for the advice erstwhile counsel provided to the Defendant, this can be done by referring to information provided by the Defendant generically. Such an approach is consistent with the limitation expressed in the cases above on the scope of the waiver of the attorney-client privilege.

## Docket Item 105

The Court, in a text order directed the Defendant to file a Memorandum addressing certain issues. (DKT# 103). The Defendant filed a Memorandum on

June 28, 2017. (DKT#105). The principal argument raised in that Memorandum which implicates the issue of the attorney-client privilege is the claim that the Defendant's former attorney did not file the pretrial motion and that counsel's personal views of the Defendant was the reason the pretrial motions were not filed. (DKT#105 at 3-4).

As discussed above, these allegations can be answered by former counsel without the need to disclose the underlying communications made to him by the Defendant. While it may be that some specific communications of the Defendant serve as a basis for the actions of counsel, describing such communications generically will provide a basis for the Court to determine the propriety of defense counsel's actions, without the need to have potentially prejudicial confidential information become part of the record.

**IMPACT OF THE DEFENDANT'S WITHDRAWAL OF CLAIM OF ACTUAL INNOCENCE**

In his letter to the Court of March 19, 2016, the Defendant makes a statement in which, arguably, he is claiming actual innocence. (DKT#74).

On July 6, 2017, the undersigned, after consultation with the Defendant and in an effort to limit the scope of any implied waiver of the attorney-client

privilege, filed a declaration withdrawing the claim of innocence. (DKT#107).

The Defendant did not understand the potential implications to the attorney-client privilege at the time of his March 19, 2016 letter. To date, no attorney-client communications have been disclosed by the Defendant's former attorney. The Defendant has now withdrawn the claim of actual innocence. Thus, no communications between the Defendant and his former attorney which go to the issue of innocence should be permitted to be disclosed because innocence is no longer in issue in these proceedings.

There is no prejudice to the government in permitting the Defendant to narrow the scope of his motion by withdrawing the claim of actual innocence. This is not a situation where to date, the Defendant has derived a benefit from a claim which he now seeks to withdraw. Accordingly, he should not be estopped from limiting his claim in a manner which will foreclose the disclosure of potentially harmful attorney-client communications.

## CONCLUSION

To the extent that the Defendant's motion has resulted in the implied waiver of the attorney-client privilege, it is important to take a restrictive view of such waiver. See, *Ridely, supra.* Moreover, erstwhile counsel can respond to the Defendant's claims for the most part by setting forth what it is that he said to

the Defendant without the need to disclose the latter's side of the conversation. In those limited circumstances where it may become necessary to provide a basis for erstwhile counsel's advice to the Defendant, this should be done using generic terminology rather than disclosing any potentially incriminating statements made in confidence by the Defendant to his then counsel.

Proceeding in this manner will allow for a thorough exposition of the issues without unduly disclosing confidential communications.

Dated: Buffalo, New York
August 8 , 2017

S./ Patrick J. Brown

_____

Patrick J. Brown, Esq.
Attorney for Ryan Lander
Office and Post Office Address
147 Linwood Avenue
Buffalo, New York   14209
(716) 854-1446