IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

Docket No. 13-CR-00151

VS

Affirmation

Ryan C. Lander

---

The undersigned attorney duly admitted to practice before this Court affirms the following under penalty of perjury:

1. The undersigned is the attorney for the Defendant, Ryan C. Lander in the above action.

2. The Court, by text order dated September 26, 2017 (DKT #116), directed the Defendant to file an affidavit addressing certain issues set forth in the text order.

3. Attached to this Affirmation is the Defendant's Affidavit which is responsive to the Court's text order.

Dated: Buffalo, New York
October 23, 2017

S/ Patrick J. Brown
_____
Patrick J. Brown

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

Docket No. 13-CR-00151

VS

AFFIDAVIT

Ryan C. Lander

STATE OF OHIO
COUNTY OF MAHONING

RYAN C. LANDER, being duly sworn, deposes and says:

1. That your Deponent is the Defendant in the above entitled action and makes this affidavit in response to the Court's text order dated September 26, 2017, (DKT#116).

2. Your Deponent believes that an actual conflict of interest existed on the part of erstwhile counsel due to personal animus against your Deponent.

3. On or about December 16, 2014, erstwhile counsel stated to your Deponent's father, Charles W. Lander, words to the effect of "people don't Change. They are wired that way. If someone did that to my kids, I'd shoot them". Thereafter, on June 16, 2016, erstwhile counsel again stated to your Deponent's father, words to the effect "of course there is a certain amount of coercion necessary to get someone to sign".

4. One of the foregoing statements was made to my father who was, at that time, in the presence of his wife. Both statements were said regarding me. The reference to getting "someone to sign" in the June 16, 2016 statement referred to my resistance to signing the Plea Agreement.

5. In subsequent meetings with erstwhile counsel, he repeated these statements to me.

6. With respect to the personal reaction of erstwhile counsel to the offense Conduct, your Deponent respectfully refers the Court to the statements made above. In addition, erstwhile counsel during discussions with your Deponent appeared to be disgusted by the charged offense conduct, sometimes addressing your deponent in a condescending tone which caused your Deponent to infer that erstwhile counsel believed your Deponent deserved to be in jail and, for that reason worked to compel your Deponent to enter a guilty plea.

7. With regard to a conflict of interest arising from disputed defense strategy, your deponent has maintained, throughout these proceedings and reiterates at this time, that he never saw the pre-trial omnibus motion prepared by erstwhile counsel. Your Deponent did sign the affirmation page but, at the time it was forwarded to him for signature, no explanation was provided

concerning the substance of the motions. At that point in time, your Deponent did not know what an omnibus motion was. Prior to signing the affirmation page, your Deponent was informed by erstwhile counsel that an omnibus motion would be filed on his behalf.

8. Your Deponent entered the guilty plea because he was told that there was no defense to the charges brought against him. Your Deponent did not wish to plead guilty and very shortly before the day he did so, conferred with erstwhile counsel at the Monroe County Jail and was told that if I did not enter a guilty plea, the only alternative was to proceed to trial and that I would lose and received a greater sentence. In response to these statements, I told erstwhile counsel that I would sign the Plea Agreement. He explained to me that it would be necessary to allocute with the Court and I agreed to do so, notwithstanding my strong reservation to enter the guilty plea.

Dated: Youngstown, Ohio
October 2, 2017

_____
Ryan C. Lander

L. Sharper 10/16/17
State of Ohio
Mahoning County
Commission Expires: 3/4/2020