IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                                    Docket No. 13-CR-00151

VS

Ryan C. Lander

        Defendant

---

## DEFENDANT'S MEMORANDUM OF LAW

### PRELIMINARY STATEMENT

The Court, in a text order dated November 7, 2017 (DKT# 121), among other things, directs the Defendant to file supplemental briefing on the issue of the scope of waiver of the attorney-client privilege resulting from the allegations that his erstwhile counsel was laboring under an actual conflict of interest and not solely that the guilty plea was not voluntary.

The Defendant has previously filed with the Court, his Memorandum of Law, addressing issues raised in this Court's text order dated September 26, 2017 (DKT# 105). In that filing, the Defendant addressed the issue of an actual conflict of interest as well as the limited waiver of the attorney-client privilege resulting from such a claim. This Memorandum of Law supplements that filing.

1

## STATEMENT OF THE LAW

If established, an actual conflict of interest will support a claim of ineffective assistance of counsel. *United States v. Rivernider,* 828 F. 3d 91, 109 (2d Cir. 2016). In the case at bar, the Defendant has alleged that his former attorney made statements to him and to others about him, which establish an actual conflict of interest. (See, Defendant's Affirmation dated October 2, 2017 (DKT# 116)).

In circumstances such as this, the extent of the waiver of the attorney-client privilege is limited to privileged communications that a Defendant relies on in asserting his claim. If the Defendant making the claim does not rely on privileged communications to support his claim, then he has not waived the privilege with respect to such communications. *In re County of Erie,* 546 F. 3d 222, 229 (2d Cir. 2008). In support of the Defendant's motion to set aside his guilty plea, he alleges that erstwhile counsel made certain statements to him, which demonstrated animus directed at the Defendant creating an actual conflict of interest. These statements are detailed in the Defendant's affidavit at paragraphs 3, 6, and 8. (DKT# 119). Any waiver of the attorney-client privilege resulting from the Defendant's motion must be limited to discussions with his then counsel concerning these discreet topics.

Moreover, if erstwhile counsel denies making these statements, there is no need for any disclosure of attorney-client communications. Rather, a simple denial will place the statements in issue.

The extent of the waiver of the attorney-client privilege in a claim such as the one presently before the Court extends only as far as necessary for the attorney to defend against the specifics of the claim. *Reidy v. United States*, 13-CR-72 S (DKT#57 at 5 WDNY 2017).

A clear rule emerges from the cases governing claims of ineffective assistance of counsel based on a conflict of interest. The rule is that the implied waiver of the attorney-client privilege is extremely limited. The mere raising of a conflict of interest claim does not permit counsel to place on the record any and all communications with a defendant. It is not necessary to disclose counsel's thought process and to set forth communications from the defendant to support that process.

The Defendant's motion to set aside his guilty plea can be adjudicated without the disclosure of confidential communications between he and his former attorney.

Dated: Buffalo, New York
       November 27, 2017

                                        S/ Patrick J. Brown
                                   _____
                                   Patrick J. Brown, Esq.
                                   Attorney for Ryan Lander
                                   Office and Post Office Address
                                   147 Linwood Avenue
                                   Buffalo, New York   14209
                                   (716) 854-1446