IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

                                                         **DEFENDANT'S RESPONSE TO TEXT ORDER Docket No. 136**

                                                         Docket No. 13-CR-00151

VS

Ryan C. Lander

            Defendant

---

## PRELIMINARY STATEMENT

This Court, in a Text Order (DKT # 136) directed the Defendant to respond to three issues which are discussed below.

1. **Defendant's Dispute with Factual Averments Contained in the Sealed Filing.**

In his affidavit filed under seal and dated March 21, 2018, the Defendant's erstwhile counsel makes statements at paragraphs 17 and 18 which the Defendant strongly disputes. The Defendant maintains that counsel did not exhibit any compassion for him or his family and expressed disgust at his charges using a condescending tone toward him.

The Defendant's erstwhile counsel told him that he was acting like a

1

"stubborn child" because the Defendant was resistant to entering a guilty plead.

Moreover, the Defendant maintains his erstwhile counsel told both the Defendant's father, as well as the Defendant, that if erstwhile counsel's children were subject to the conduct charged in the Indictment, he would shoot the perpetrator. It is the Defendant's belief that this statement, when made by erstwhile counsel, was a direct expression of counsel's views toward the Defendant and disputes that erstwhile counsel was merely describing the comments likely to be forthcoming from victims' families.

2. **Defendant Maintains that Prior Counsel Labored Under an Actual Conflict Of Interest.**

It is the position of the Defendant that erstwhile counsel utilized the Defendant's father in an effort to sway or leverage the Defendant to enter a guilty plea. The Defendant maintains erstwhile counsel told him there was no defense to the charges alleged in the Indictment. The Defendant maintains he was not advised of the contents of the pre-trial motion that was prepared but not filed. These factors, together with those set forth in Response No.1 above are what compelled the Defendant to enter a guilty plea against his wishes.

On the eve of the entry of the guilty plea, erstwhile counsel met with the

Defendant at the Monroe County Jail.  The Defendant reports that during this conference, the plea colloquy was reviewed and that the Defendant was told that in order for the guilty plea to be accepted by the Court, it was necessary for the Defendant to be believable in his response to the Court's questions.  The Defendant maintains that he responded by saying words to the effect that he "knew how to play the game" and that, as a result of this statement he clearly communicated to erstwhile counsel that he, in fact, did not wish to enter the guilty plea.

3. **Prejudice**.

The Defendant is required to prove that he was prejudiced as the result of the claimed actual conflict of interest.  *United States v. Arteca,* 411 F. 3d 315, 321 (2d Cir. 2005), *United States v. Viles,* 668 Fed. Appx. 371, 372 (2d Cir. 2016), *see also Sebastian Ferrell v. United States,* 14-CR-6173 ( WDNY, April 2018).

Prejudice in this context means that a defendant must show there is a reasonable probability that but for counsel's errors, he would not have plead guilty and, instead, would have gone to trial.  *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

In the case at bar, Defendant Lander has maintained throughout these

proceedings, that he did not wish to enter a guilty plea but, instead, wished to go to trial. He further maintains that an actual conflict of interest on the part of erstwhile counsel was the reason that pre-trial motions, although prepared, were not filed. The Plaintiff maintains that his repeated requests for a trial were defeated over time by his then counsel's "wearing him down", a process that lasted for more than two years. In the absence of the actual conflict of interest, the Plaintiff's motions would have been filed, argued and the case gone to trial.

## CONCLUSION

For the reasons set forth above, together with those contained in the earlier filings made by the Defendant, it is respectfully requested that the Defendant's motion to set aside his guilty plea be granted.

Dated: Buffalo, New York
       May 21, 2018

                                        S/ Patrick J. Brown
                                        _____
                                        Patrick J. Brown