IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.                                            13-CR-151-A

RYAN C. LANDER,

          Defendant.

---

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## SECOND MOTION TO WITHDRAW GUILTY PLEA

**THE UNITED STATES OF AMERICA**, by and through its attorney, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, respectfully files this response in opposition to the defendant's second motion to withdraw his guilty plea (Dkt. 100).

## PRELIMINARY STATEMENT

On July 11, 2013, the grand jury returned a three-count Indictment charging the defendant with two violations of Title 18, United States Code, Section 2251(a) [Production of Child Pornography], and one violation of Title 18, United States Code, Section 2252A(a)(5)(B) [Possession of Child Pornography]. On February 4, 2015, the defendant pled guilty to Count 1 of the Indictment pursuant to a written plea agreement (Dkt. 57), and the Court accepted the guilty plea. In the plea agreement, the defendant admitted to the factual basis for the plea, acknowledged he understood all the terms of the plea agreement, and stated that his plea was voluntary.

On April 8, 2016, the defendant filed a letter with the Court asking for new assigned counsel and permission to withdraw his guilty plea. Dkt. 74. The Court subsequently relieved his former assigned counsel, Attorney Barry Covert, Esq.

On March 8, 2017, the defendant filed a motion through his new assigned counsel to withdraw his guilty plea (Dkt. 88). In the accompanying affidavit (Dkt. 89), the defendant claimed, "he was coerced into taking the plea by the actions of His former attorney and his father." Dkt. 88, ¶6.  The Court issued the Decision and Order denying the defendant's motion on May 11, 2018. Dkt. 94.

On June 21, 2017, the defendant filed a motion for reconsideration. Dkt. 100. In subsequent submissions, the defendant makes the following allegations in support:

1. Former counsel did not inform defendant of all evidence against him. Dkt. 100, ¶5; 104, ¶11.

2. Defendant was not aware of the contents of the pretrial motions. Dkt. 100, ¶5; 104, ¶8. Moreover, former counsel did not argue motions. Dkt. 104, ¶8-10; 105(1).

3. Former counsel coerced the defendant into pleading guilty. Dkt. 100, ¶6; 104, ¶12.

4. Former counsel operated under an actual conflict of interest, and therefore, was ineffective. *See* Dkt. 100, ¶10; 105; 119, ¶2; 122, ¶2.

The defendant's allegations are contrary to statements made by the defendant in the written plea agreement and during the plea allocution on February 4, 2015, as well as contrary to the statements within his former counsel's affidavit. Accordingly, like the first motion, the defendant's second motion to withdraw his guilty plea should be denied.

2

## ANALYSIS

**I.  Former Counsel Informed the Defendant of the Evidence and the Defendant has Communicated an Understanding of the Evidence.**

Former counsel's affidavit makes clear that he advised the defendant of the evidence against him as well as the defendant's right to review the evidence. ¶6.  Furthermore, the discussion relating to the factual basis within the plea agreement from the change of plea hearing bolsters former counsel's assertion that the defendant understood the evidence. The factual basis was read into the record as follows:

> Count 1. Production of child pornography.  Between in or about July of 2011 and March 7, 2013, the defendant, Ryan C. Lander, who lived and was located in Steuben County in the State of New York, employed, used, persuaded, coerced or enticed victim 1, a prepubescent minor, who had not yet attained the age of 12 and was under the age of 18, who lived and was located in the Western District of New York, to engage in sexually- explicit conduct for the purposes of photographing and producing visual depictions of that minor engaged in that conduct.
>
> The defendant saved such sexually-explicit images on his computer hard drive. The visual depictions were produced using materials including a computer that had been mailed, shipped and transported in an affecting interstate and foreign commerce.
>
> Relevant conduct with respect to Victim 2 is:  Between on or about May 2008 and on or about March 7th, 2013 the defendant, Ryan C. Lander, knowingly produced child pornography.  The defendant employed, used, persuaded, coerced or enticed Victim 2, a prepubescent minor, who had not yet attained the age of 12 and was under the age of 18, who lived and was located in the Western District of New York, to engage in sexually-explicit conduct for the purpose of photographing and producing visual depictions of that minor engaged in that conduct.
>
> The defendant saved such sexually-explicit images on his computer hard drive and those visual depictions were producing materials including a computer that had been mailed, shipped and transported in and affecting interstate and foreign commerce.

THE COURT then asked the defendant "Do you understand all that, sir?" to which the DEFENDANT unequivocally replied, "Yes, Your Honor." Tr. 9-10.

The Government then explained exactly how to prove the case. Significantly, the defendant subsequently indicated he understood the evidence. When asked how the Government would prove the case, Government counsel responded:

> Your Honor, special agents from Homeland Security Investigations, who conducted investigation involving a website www.imgsrc.ru that allowed photo sharing among users. The investigators uncovered activity by a particular user, using the username pantysnfr, who was posting pictures of prepubescent females, ages approximately four and one year old, as well as photos of children's underwear and diapers. Those children were later identified as the victims in this case.
>
> Evidence obtained by administrative subpoena by Microsoft and Time Warner Cable would show that the IP address was obtained and identified the defendant as the user of this address. The agents would testify that they visited the defendant to conduct an interview about illegal internet activity. He consented to allow them into his home and agreed to answer questions.
>
> During that interview, the defendant made a number of admissions that the government would seek to introduce at trial. He admitted that he lived alone and was the only person with access to computers and wifi. He admitted that he used the screen name, P-A-N-T-Y-S-N-F-R and I-M-G-F-R-C. He admitted he had taken photos of his nieces and posted them on I-M-G-R-S-R-C and he admitted that he was attracted to children and specifically the victims in this case.
>
> The agents will testify that the defendant consented to a search and signed a waiver permitting HSI to seize and conduct an examination of his computers and electronics and the agents found children's underwear in the defendant's room and the defendant admitted that he had masturbated using this underwear.
>
> The agents subsequently obtained a search warrant and retrieved other items, including multiple electronics, the defendant's clothing, which was depicted in the photos with the victims and the children's clothing.
>
> A subsequent search warrant was obtained and searched the computers and electronic media were obtained on consent and through the warrant. A forensic

> examination of the computer was obtained on consent and by warrant would show that they revealed evidence of child pornography, including images of victims produced by the defendant.
>
> The defendant also had anti-forensic software installed on his computer, as well as a file shredder program and file encryption software and witnesses would be called to testify to those facts, Your Honor.

THE COURT:    Do you understand all that, sir?

DEFENDANT:    Yes, Your Honor.

>    Tr. 11-12.

Indeed, all signs point to the defendant's first allegation being false. Former counsel states that he explained the evidence to the defendant, the evidence was discussed in detail at the change of plea hearing, and the defendant unequivocally indicated he understood it. The defendant's first allegation is simply without merit.

II.    **Former Counsel Advised the Defendant about His Right to Pursue the Filed Pretrial Motions, Possible Defenses, the Defendant's Right to a Trial, and the Plea.**

Defendant maintains that he was not aware of the contents of the filed pretrial motions (Dkt. 31) and that former counsel should have pursued oral argument. To the contrary, within his affidavit, former counsel specifically states that he informed the defendant of all of the defendant's options, including the right to pursue the filed pretrial motions, possible defenses, the defendant's right to trial, and the plea. ¶6. As set forth below, the defendant's statements made *under oath* at the change of plea hearing support former counsel's version of events. Accordingly, this Court should find that the defendant's second allegation is also false.

5

During the defendant's plea allocution, while the defendant was *under oath*, the following exchange took place, which shows the defendant understood his case, understood the consequences of his guilty plea, discussed his guilty plea with his attorney, and expressed no dissatisfaction with his attorney's advice or course of action.

| | |
|---|---|
| THE COURT: | Mr. Covert, you have gone over the charge with your client. Its's pretty straightforward. Are you satisfied he understands it? |
| MR. COVERT: | Yes, Your Honor. |
| THE COURT: | And you've gone over the terms and conditions of the plea agreement? |
| MR. COVERT: | Many times, Your Honor. |
| THE COURT: | And his rights under Rule 11? |
| MR. COVERT: | Absolutely, Your Honor. |
| THE COURT: | Now, sir, you have discussed this whole matter with your attorney. He's explained to you what your legal rights are, what your legal options are. You probably didn't like to hear what he had to tell you, but he's not there to make you feel good. He's there to be your legal advisor.

And apparently, based on those discussions, you're here today to waive certain rights and to plead guilty to Count 1 under the terms and conditions of the plea agreement.

Are you fully satisfied with the advice and counsel you received from your lawyer? |
| DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Any complaints? |
| DEFENDANT: | No, sir. |
| | Transcript (Tr.) at 3-4. |

The Court later addressed the defendant's right to plead not guilty, persist in that plea, and his right to a jury trial. Tr. at 24-26. The defendant chose to continue with his plea.

In *United States v. March*, 382 Fed. Appx. 76, 77, (2d Cir. 2010), the Second Circuit found no abuse of discretion when the district court rejected the defendant's claim that his former counsel's ineffective assistance invalidated his guilty plea because the defendant affirmed under oath the adequacy of his former counsel's representation, and stated he was satisfied and had sufficient time to discuss the charges and his decision to plead guilty. *See also United States v. Gunn*, 419 Fed. Appx. 106, 109 (2d Cir. 2011) (same).

Here, as in *March*, the defendant affirmed *under oath* the adequacy of former counsel's representation and stated he was satisfied and had sufficient time to discuss the charges and his decision to plead guilty. Therefore, this Court should find the defendant's second allegation incredible and give it no weight in deciding the defendant's second motion to withdraw his guilty plea.

**III.   As this Court Previously Decided, the Defendant's Plea was Voluntary.**

As he did in his first motion (Dkt. 88), which this Court denied (Dkt. 94), the defendant claims he was coerced into taking the plea. However, the record demonstrates that the defendant entered his guilty plea voluntarily, intelligently, and under no threats or coercion. In the last paragraph of the defendant's plea agreement, the defendant acknowledged that he signed the agreement voluntarily and of his own free will. Dkt. 57 at 15. Similarly, during the change of plea hearing, the following exchange took place:

THE COURT:   Has anyone forced you to plead guilty?

DEFENDANT:   No, sir.

| | |
|---|---|
| THE COURT: | Has anyone threatened you in any way? |
| DEFENDANT: | No, sir. |

Tr. at 23-24.

The transcript continues:

| | |
|---|---|
| THE COURT: | You're doing this voluntarily, of your own free will, no one's forcing you to do this? |
| DEFENDANT: | Yes, sir. |
| THE COURT: | You understand all the possible consequences? |
| DEFENDANT: | Yes, sir. |

Tr. at 26.

The defendant then pleaded guilty to Count 1 of the Indictment. Tr. at 27.

| | |
|---|---|
| THE COURT: | It is the finding of the Court the defendant is fully competent and capable of entering an informed plea. His plea of guilty is a knowing and voluntary plea supported by an independent basis of fact containing each essential element of the offense charged. The plea is therefore accepted. He is judged guilty of Count 1. |

Tr. at 27.

In his motion, the defendant makes the specific allegation that former counsel stated words to the effect, "If someone did that to my kids, I'd shoot them." *See* Dkt. 137, ¶3. In response, former counsel states that any words to this effect were in anticipation of possible victim impact statements for sentencing. Defendant also claims that former counsel told him that there was no defense, and the only alternative was to proceed to trial, lose, and receive a greater sentence. Dkt. 119, ¶8. Both of these statements are blunt but not untrue.

8

The Second Circuit has made clear that "defense counsel's blunt rendering of an honest but negative assessment of appellant's chances at trial, combined with advice to enter the plea, [does not] constitute improper behavior or coercion that would suffice to invalidate a plea." *United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001). Indeed, a defendant's feeling of duress is "hardly an unusual outcome" after hearing his attorney's recommendation to plead guilty rather than proceed to trial, particularly coupled with the attorney's prediction of almost inevitable conviction at trial followed by a long jail sentence. Absent factors such as actual or threatened physical harm, the improper use of economic power, or mental coercion overbearing the defendant's will or making him unable to weigh his options rationally, none of which is found in the record of this case, there is no legally cognizable coercion negating the voluntariness of a guilty plea. *Id.* at 172.

Accordingly, defendant's third allegation is also meritless; the defendant was not coerced. Rather, his plea was knowing and voluntary.

**IV.    Former Counsel did Not Operate under an Actual Conflict of Interest.**

Former counsel unequivocally denies laboring under any conflict of interest, and states that he always acted in the defendant's best interest. ¶7. Based upon this representation, this Court should find defendant's allegation that a conflict of interest existed to be false without further consideration. There certainly is no evidence of an actual conflict.

A conflict of interest claim is really a claim that alleges ineffective assistance of counsel due to counsel's divided loyalties. S*ee Glasser v. United States,* 315 U.S. 60, 70 (1942). In

*Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court adopted a strong presumption that former counsel provided effective assistance. To overcome this presumption, defendant must show both (1) "deficient performance," that is, that his former counsel's performance "fell below an objective standard of reasonableness" under "prevailing professional norms," *id.* at 688 and (2) "prejudice," that is, that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. ).  "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

Under the first prong of *Strickland*, to eliminate the "distorting effects of hindsight," *Strickland*, 466 U.S. at 689, the Court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case' and that '[e]ven the best criminal defense attorneys would not defend a particular case in the same way.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (*quoting Strickland*, 466 U.S. at 689).

"If it is easier to dispose of an ineffective claim on the ground of lack of sufficient prejudice . . . that course should be followed." *United States v. O'Neil*, 118 F.3d 65, 73 (2d Cir. 1997) (quoting *Strickland*, 466 U.S. at 697).  Here, defendant fails to make the required showing of prejudice.  The defendant argues that but for the alleged ineffective assistance, defendant would have preserved his right to a trial. Dkt. 105; 137 at 4.  However, the

evidence in defendant's case, including an incriminating statement, is overwhelming, which presumably was a factor in the defendant's decision to accept the plea agreement that former counsel negotiated. Had defendant exercised his right to trial and been found guilty (which based upon the evidence was likely), the defendant would have been looking at a maximum sentence of 80 years and a guidelines range of 292 to 365 months - not the 30 year maximum and 210 to 262 months range that former counsel negotiated. Indeed, there was no prejudice to the defendant here.

Moreover, defendant's plea colloquy contradicts his allegations of deficient performance. The Court specifically asked defendant if he was satisfied with former counsel and whether defendant had any complaints. The defendant responded under oath that he was satisfied with former counsel's representation and that he did not have any complaints. This statement is consistent with former counsel's zealous negotiation of a plea bargain that reduced the defendant's maximum prison exposure by 50 years and reduced the defendant's guidelines range by 82 to 103 months.

Former counsel's zealous professional efforts, along with the strong presumption that his conduct falls within the range of reasonable professional assistance, weigh heavily in favor of a finding that former counsel effectively represented defendant. Defendant's fourth claim is without merit, and this Court should deny his current motion.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny the defendant's second motion to withdraw his guilty plea.

DATED: Buffalo, New York, May 23, 2018.

                         JAMES P. KENNEDY, JR.
                         United States Attorney

BY:   s/SCOTT S. ALLEN, JR.
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716-843-5869
       Scott.Allen@usdoj.gov