UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                            Plaintiff,
                                                           **ORDER**
          v.                                                          13-CR-151-A

RYAN C. LANDER,

                            Defendant.

---

        Defendant Ryan C. Lander has filed a motion for reconsideration of the Court's denial of the defendant Lander's motion pursuant to Fed. R. Civ. P. 11(d) to withdraw a guilty plea to one count of Production of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The Court scheduled an evidentiary hearing on the defendant's motion for reconsideration for October 9, 2018, at 9:00 a.m.

        Defendant Lander alleges that his former counsel, Barry N. Covert, Esq.: (1) labored under an actual conflict of interest because of Mr. Covert's personal revulsion against the defendant and the defendant's conduct; (2) that Mr. Covert coerced the defendant into entering into the Plea Agreement and changing his plea to guilty; and (3) that Mr. Covert prevented the defendant from pursuing motions to suppress oral admissions and physical evidence that the defendant contends were obtained because law enforcement officers questioned him without *Miranda*[1] warnings and coerced the defendant into consenting to searches and seizures.

---

[1] *Miranda* warnings are required to be given by law enforcement officers to ensure that persons subjected to custodial interrogation are aware of their rights against self-incrimination and to the advice of legal counsel. *See Miranda v. Arizona*, 384 U.S. 436, 487-79 (1966).

These allegations made by defendant Lander put in issue communications between the defendant and Mr. Covert related to the allegations during the time period when Mr. Covert was the defendant's legal counsel.  The allegations against Mr. Covert therefore waive the attorney-client privilege with respect to all communications otherwise subject to the attorney-client privilege that Mr. Covert reasonably believes necessary to disprove the allegations.  N.Y. Rules of Professional Conduct 1.6(b)(5)(i) and 1.6(b)(6); *see e.g.*, *Aladino v. United States*, No. 09–CV–926 (CBA), 2011 WL 6131175, at *2 (E.D.N.Y. Dec. 8, 2011).  The defendant's desire to prevent the Court from learning information that would otherwise be subject to an attorney-client privilege is not a valid reason to disregard the well-settled exception to the privilege authorizing disclosure by a lawyer "to defend the lawyer or the lawyer's employees and associates against an accusation of wrongful conduct."  N.Y. Rules of Professional Conduct 1.6(b)(5)(i).

**SO ORDERED.**

      *Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  August 1, 2018