IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.                                                               13-CR-151

RYAN C. LANDER,
                        Defendant.

## GOVERNMENT'S
## SENTENCING MEMORANDUM

**THE UNITED STATES OF AMERICA,** by and through its attorney, James P. Kennedy, Jr., Acting United States Attorney for the Western District of New York, and the undersigned Assistant United States Attorney, Michael DiGiacomo, respectfully submits this response in opposition to the defendant's Sentencing Memorandum (Dkt. 99) and in support of the government's sentencing recommendation.

## PRELIMINARY STATEMENT

On February 4, 2015, the defendant pleaded guilty to one-count of Title 18, United States Code, Section 2251(a) [production of child pornography](Dkt 57). The defendant is scheduled to be sentenced on August 8, 2019, after two unsuccessful attempts to withdraw his plea of guilty. In preparation for the upcoming sentence, the United States Probation Department prepared an updated Presentence Investigation Report (Dkt. 162). The Presentence Investigation Report calculates the defendant's total adjusted offense level at 38 with a Guideline range of imprisonment of 235 to 293 months (Dkt. 162 ¶49).

The plea agreement allows the parties to ask the court to sentence the defendant outside the Guideline range of imprisonment. In doing so the parties reserve the right to bring to the attention to the Court, all the information deemed relevant in order determine the proper sentence (Dkt. 57 ¶ 20).

For the reasons set out below, the government respectfully requests the Court reject the defendant's sentencing request and impose a sentence of 293 months imprisonment along with a period of supervised release. Such a sentence falls within the calculated Guideline range of imprisonment and will be sufficient but not greater than necessary.

## STATEMENT OF FACTS

The government adopts the statement of facts and findings contained in the Presentence Investigation Report with respect to sentencing factors.

## DISCUSSION

Title 18, United States Code, Section 3553(a) requires that this Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [18 U.S.C. § 3553(a)(2)]." In determining the sentence, this Court must consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for--

    (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

        (i)    Issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        (ii)    that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B)    In the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made by such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5)    Any pertinent policy statement --

    (A)    issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

  (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;  and

(7) the need to provide restitution to any victims of the offense. 18 U.S.C. §3553(a).

  In executing these statutory responsibilities, the Court must first correctly calculate the applicable Guidelines range. Gall v. United States, 128 S.Ct. 586, 596 (2007).  This range is "the starting point and the initial benchmark." Id.  Although this Court must treat the Guidelines as advisory, United States v. Ratoballi, 452 F.3d 127, 131-32 (2d Cir. 2006), an error in determining the applicable Guidelines range or the availability of departure authority nonetheless would be the type of procedural error that could render a sentence unreasonable on appellate review. United States v. Selioutsky, 409 F.3d 114, 118 (2d Cir. 2005).

  The Court must then "consider all the § 3553(a) factors to determine whether they support the sentence requested by a party." Gall, 128 S.Ct. at 596. In determining whether the §3553(a) factors support the requested sentence, the Court "must make an individualized assessment based on the facts presented." Id., at 597. In that regard, "[n]o limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court . . . may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. §3661.

## A 293 Month Sentence of Imprisonment is Appropriate

The 293 month sentence of imprisonment the government is requesting falls within the Guideline range calculated the United States Probation Department. However, if the court were so inclined, the facts surrounding the defendant's conviction would also support a sentence of 360 months of imprisonment.

The nature and circumstances of the offense and the history and characteristics of the defendant warrant a sentence of nothing less than 293 months. The defendant came to the attention of the Department of Homeland Security, Homeland Security Investigations (HSI) based images the defendant was posting of pre-pubescent females, clothed, on a website know for child exploitation. The defendant was posting the images using the user profile "pantysnfr" The majority of the over 3000 images the defendant posted depicted the same four prepubescent females. The four prepubescent females ranged in age from 19 months to 4 years of age and the defendant was able to exploit them based on various family relationships. Victims one and two were the grandchildren of the defendant's mother's boyfriend. Victim three was the defendant's niece and Victim four a relative of the defendant's mother's boyfriend (Dkt 162 ¶12).

Based on the victims being around his mother's home, which the defendant visited frequently, he garnered a position of trust and it was this trust that allowed him to exploit the victims. He used these very young children for his own sexual gratification by photographing them touching his penis and even putting a ring on it.

What further exacerbates the defendant's deviant attraction toward young children is the sexual gratification he obtained from photographing children in the bathroom and taking children's underwear out of the hamper and smelling them. His sexual interest toward children was so great that he created the screen name panty sniffer ("pantysnfr") when posting photographs of the victims online. The defendant's disturbing sexual interest toward children is further reinforced from other disturbing images recovered from the defendant's computer. For example, photographs of the defendant with children's underwear and diapers on his head and in his mouth, photographs of the defendant masturbating with children's underwear and photographs putting a child's toothbrush on his penis.

The defendant's sexual exploitation of the children for which he had easy access to based on his positon of trust, coupled with the other outlandish images recovered from his computer establish the defendant is a danger to the community and likely to reoffend. The defendant's admissions that he has been attracted to children since the age of 16 and got more pleasure out of masturbating to "sneaky" photographs of children with their underwear exposed or with the actual underwear rather than engaging in intercourse with his then wife further substantiates this argument.

## CONCLUSION

Standing before this court is a defendant who has been attracted to very young children since the age of 16. His attraction progressed from taking voyeuristic photographs to having them actually touch and place objects on his penis. Therefore, 293 month sentence of

6

imprisonment, and a period of supervised release will be fair just and reasonable and will reflect the seriousness of the offense, promote respect for the law, protect the public from further crimes of the defendant and provide the defendant with appropriate rehabilitative treatment.

DATED:     Buffalo, New York, July 29, 2019.

JAMES P. KENNEDY, JR.
United States Attorney

BY:     *S/MICHAEL DIGIACOMO*
Assistant United States Attorney
United States Attorney's Office
Western District of New York
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700, ext. 885
Michael.DiGiacomo@usdoj.gov